UNITED STATES of America, Appellee

v.

Walter MARTINEZ, Appellant.

No. 11–3052.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 2, 2013.

Roy W. McLeese, III, Esquire, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Jon Steven Pascale, Esquire, Law Offices of Jon S. Pascale, Burke, VA, for Appellant.

Before: GARLAND and GRIFFITH, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.Cir. R. 36(b). It is

**ORDERED and ADJUDGED** that the judgment of conviction be affirmed.

On August 10, 2006, appellant Walter Martinez pled guilty to one count of unlaw-

ful distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). The district court accepted the plea and allowed Martinez to avoid prison pending sentencing because he had also agreed to cooperate with the government's ongoing investigation. But in 2008, the government learned that Martinez was still selling large quantities of drugs. He was indicted on drug conspiracy charges in March 2009, and his bail was revoked in August 2010. As part of an agreement to proceed to sentencing in this case, the government agreed to dismiss the charges in the March 2009 indictment.

At Martinez's sentencing hearing on May 25, 2011, the government called two witnesses to testify that Martinez sold large quantities of drugs between 2005 and 2009. At the close of its evidence, the government requested, among other things, that the court add a four-level aggravated role enhancement to Martinez's applicable offense level because he was the organizer or leader of criminal activity involving five or more participants. *See* U.S.S.G. § 3B1.1(a). Martinez's counsel argued against the enhancement. During the hearing, Martinez's counsel informed the court that Martinez had passed him a note indicating that Martinez wished to withdraw his guilty plea. Martinez's counsel made no attempt to explain the basis for the motion, which the court summarily denied.

At the conclusion of the hearing, the court, finding that the government had established the basis for the enhancement, sentenced Martinez principally to 235 months' imprisonment. The court calculated Martinez's total offense level under the Sentencing Guidelines to be thirty-six, which, along with Martinez's criminal history category of one, yielded a Guidelines range of 188 to 235 months. Based upon its analysis of the sentencing factors listed at 18 U.S.C. § 3553(a), the court concluded that a sentence at the top of the Guidelines range was warranted.

On May 31, 2011, Martinez filed a motion under Fed.R.Crim.P. 35(a) to correct his sentence, arguing that he had insufficient notice of the government's intention to seek a § 3B1.1 aggravated role enhancement. The court denied the motion on June 8.

Martinez raises three issues on appeal. Each is without merit.

█ First, Martinez argues that the district court abused its discretion when it denied his Rule 35(a) motion to correct his sentence. The Rule provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a). "A ruling's error is clear if, at the time it was made, a clear precedent in the Supreme Court or this circuit established its erroneous character." *United States v. Terrell,* 696 F.3d 1257, 1260 (D.C.Cir.2012). But Martinez has pointed to no clear precedent that would have entitled him to advance notice of the government's intention to seek a specific sentencing *adjustment,* which he concedes § 3B1.1 provides, as opposed to a departure. *Cf.* Fed.R.Crim.P. 32(h) (requiring advance notice before a court "*depart[s]* from the applicable sentencing range" (emphasis added)); *Irizarry v. United States,* 553 U.S. 708, 714, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008) (holding that Rule 32(h)'s notice requirement applies by its terms only to departures from a Guidelines range). The district court did not abuse its discretion when it denied Martinez's meritless Rule 35(a) motion.

█ Second, Martinez argues that the district court should have ordered a continuance *sua sponte* once the government announced it would ask for an aggravated

role enhancement. But Martinez did not even ask for a continuance at the sentencing hearing. As this court has held before, "[w]e cannot say the court abused its discretion when it failed *sua sponte* to order a continuance [defense] counsel did not request." *United States v. Mahdi*, 598 F.3d 883, 895 (D.C.Cir.2010).

 Third, Martinez argues that the district court abused its discretion by denying his motion to withdraw his plea. Martinez speculates that if the district court had afforded him an evidentiary hearing, he "might have alleged" that his plea was the result of ineffective assistance of counsel. Appellant's Br. at 12. "Ordinarily, when a defendant seeks to withdraw a guilty plea on the basis of ineffective assistance of trial counsel the district court should hold an evidentiary hearing to determine the merits of the defendant's claims." *United States v. Taylor*, 139 F.3d 924, 932 (D.C.Cir.1998). But Martinez is not entitled to an evidentiary hearing solely on the basis of vague and speculative suggestions, made years after the fact, that he *might have* suffered from ineffective assistance in connection with his plea. *Id.* at 933 (stating that the court may summarily deny a motion if it "concludes that the defendant has not alleged any cognizable claim for relief, or that the defendant's conclusory allegations are unsupported by specifics, or that the defendant's allegations in the face of the record are wholly incredible" (citation omitted)). Martinez also appears to contend, in similarly vague terms, that the summary denial of his motion deprived him of the opportunity to assert a "viable claim of innocence." *See, e.g., United States v. Curry*, 494 F.3d 1124, 1128 (D.C.Cir.2007). "A defendant appealing the denial of his motion to withdraw a guilty plea, unlike a defendant who has not first pled guilty, must do more than make a general denial in order to put the Government to its proof; he must affirmatively advance an objectively reasonable argument that he is innocent...." *United States v. Cray*, 47 F.3d 1203, 1209 (D.C.Cir.1995). Martinez has failed to do so here, and the district court did not abuse its discretion.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.