# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 14, 2012   Decided October 19, 2012

No. 07-3054

UNITED STATES OF AMERICA,
APPELLEE

v.

GREGORY TERRELL,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 03cr00207-01)

———

*Sandra G. Roland*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A.J. Kramer*, Federal Public Defender. *Neil H. Jaffee* and *Lisa B. Wright*, Assistant Federal Public Defenders, entered appearances.

*Katherine M. Kelley*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Roy W. McLeese III* and *Mary B. McCord*, Assistant U.S. Attorneys. *Elizabeth Trosman*, Assistant U.S. Attorney, entered an appearance.

Before: SENTELLE, *Chief Judge*, GRIFFITH, *Circuit Judge*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

WILLIAMS, *Senior Circuit Judge*:   Appellant Gregory Terrell pleaded guilty to unlawful possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii).  On April 24, 2007, the district court sentenced him to 210 months of imprisonment, five years of supervised release, and a $100 special assessment.  Terrell challenges that sentence on two primary grounds.  First, he argues that it violates the ex post facto clause of the Constitution because the United States Sentencing Guidelines Manual applied by the district court was promulgated after he committed the offense of conviction and may have resulted in a harsher sentence than the one yielded by the Manual in effect at the time of offense. Second, he contends that the district court had an erroneously limited view of its discretion to impose a below-Guidelines sentence following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

Although we reject Terrell's ex post facto argument, we are persuaded by his claim as to the district court's concept of its discretion, and therefore vacate the sentence and remand for resentencing.

* * *

Because Terrell failed to raise either of his arguments before the district court, we review his claims for plain error. Of the canonical statement's four requirements for plain error, the first two are that there be error and that it be "plain." *United States v. Olano*, 507 U.S. 725, 732 (1993).  In its role

as the second requirement, "plain" simply means "clear." *United States v. Williams-Davis*, 90 F.3d 490, 507 (D.C. Cir. 1996). A ruling's error is clear if, at the time it was made, a clear precedent in the Supreme Court or this circuit established its erroneous character. See, e.g., *United States v. Mouling*, 557 F.3d 658, 664 (D.C. Cir. 2009).

*Ex post facto claim.* This contention is fatally undermined by the absence of any clear precedent at the time of sentencing. At all times relevant to this appeal, the Sentencing Guidelines directed courts generally to "use the Guidelines Manual in effect on the date that the defendant is sentenced." USSG § 1B1.11(a). But if application of that mandate would violate the ex post facto clause, a court must apply the Guidelines Manual that was "in effect on the date that the offense of conviction was committed." *Id.* § 1B1.11(b)(1). Application of a post-offense Guidelines Manual violates the ex post facto clause if there is a substantial risk that it will result in a more severe sentence than the defendant would have received under the Manual that was in effect when he committed the offense. See *United States v. Turner*, 548 F.3d 1094, 1100 (D.C. Cir. 2008).

Terrell committed his offense in April 2003, when the 2002 Guidelines Manual was in effect. At the sentencing in 2007, the district court started its analytical process with the pre-sentence report, which had been drafted under the 2005 Guidelines Manual. (By the time of sentencing, the 2006 Guidelines had become applicable, but on the issue in question there was no difference between the 2005 and 2006 versions.) Terrell argues that there is a substantial risk that he received a harsher sentence under the 2005 Manual than he would have received under the 2002 version.

His contention is based on an amendment to § 3E1.1, the Guidelines provision that governs adjustments in offense level

for acceptance of responsibility. At all relevant times, § 3E1.1(a) directed a sentencing court to reduce a defendant's offense level by two levels if he "clearly demonstrates acceptance of responsibility for his offense." But the second part of the provision—§ 3E1.1(b)—was amended after Terrell committed the offense. At the time of offense, § 3E1.1(b) directed the district court to reduce a defendant's offense level by one additional level—that is, to award a "third point" for acceptance of responsibility—if the initial offense level was 16 or higher and the defendant "assisted authorities in the investigation or prosecution of his own misconduct" either by timely providing complete information regarding his involvement or by timely notifying authorities of his intention to plead guilty. With the amendment, which went into effect on April 30, 2003, § 3E1.1(b)'s "third point" became available only "upon motion of the government."

During Terrell's sentencing proceedings, the judge expressed a desire to award the third point. He asked the attorneys and the probation officer who attended the hearing whether he had discretion to do so *sua sponte*. Tr. 3/27/07, at 20:2-4. Based on their responses, he concluded that he did not, *id*. at 22:13-16, which was correct under the amended version of § 3E1.1(b) but not under the version in the 2002 Manual. The district court then asked the government to move for the third point, explaining that "188 months is just as serious as 210 months. I mean, there's a numerical difference, but in the scheme of things in the real world there's not a heck of a lot of difference." *Id*. at 23:11-15. Counsel for the government refused to move for the third point, arguing that Terrell had not provided authorities with the requisite assistance. *Id*. at 25:7-10. Because the district court believed it could not award the third point independently, Terrell received only a two-point reduction in his offense level for acceptance of responsibility. The district

court sentenced him at the low end of the resulting Guidelines range.

Terrell argues that the ex post facto clause required the district court to apply the 2002 Guidelines Manual. Under it, the judge had full discretion to award (and, Terrell contends, likely would have awarded) the third point. That would have reduced Terrell's offense level by an additional step, decreasing his Guidelines range. But assuming the soundness of that claim, we believe that any error in non-application of the 2002 Manual was not a clear error. (For that reason, we need not reach the government's arguments that Terrell's plea agreement bars his claim and that application of the 2005 Manual didn't violate the ex post facto clause.)

After *Booker* rendered the Guidelines advisory in 2005, courts disagreed about whether applying a post-offense Guidelines Manual that yielded a higher sentencing range would continue to violate the ex post facto clause. Compare, e.g., *United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006) (holding that the ex post facto clause "should apply only to laws and regulations that bind rather than advise"), with, e.g., *United States v. Carter*, 490 F.3d 641, 643 (8th Cir. 2007) (holding that after *Booker* the ex post facto clause continued to apply to adverse Guidelines changes). Neither this court nor the Supreme Court had decided the issue when Terrell was sentenced. See *United States v. Andrews*, 532 F.3d 900, 909 (D.C. Cir. 2008) (noting—more than a year after Terrell's sentencing—that "[t]his circuit has not yet determined whether, after *Booker*, application of a later (than the date-of-offense) Guidelines Manual that yields a higher sentence continues to raise an ex post facto problem"). The issue remained unresolved until our decision in *Turner*, 548 F.3d at 1099-1100, holding that the ex post facto clause would apply notwithstanding *Booker*.

6

Because the law was unsettled when Terrell was sentenced, the district court's failure to apply the 2002 Manual did not constitute plain error, assuming it was error at all.  See *Mouling*, 557 F.3d at 664.  *Booker* had unsettled the law, and neither the Supreme Court nor this court had yet resettled it.

*Scope of sentencing discretion.*  On February 13, 2007, less than three months before Terrell was sentenced, we rejected the idea that the Guideline range should be considered presumptively reasonable.  *United States v. Pickett*, 475 F.3d 1347, 1353 (D.C. Cir. 2007).  We held in *Pickett* that "[a] sentencing judge cannot simply presume that a Guidelines sentence is the correct sentence."  *Id.*  Instead, we said that with respect to each individual defendant, the court must "evaluate how well the applicable Guideline effectuates the purposes of sentencing enumerated in [18 U.S.C.] § 3553(a)."  *Id.*  The Supreme Court endorsed the same rule shortly after Terrell was sentenced.  See *Rita v. United States*, 551 U.S. 338, 351 (2007) (holding that a "sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply," although a within-Guidelines sentence may be presumed reasonable on appeal); *Gall v. United States*, 552 U.S. 38, 49-50 (2007) (reiterating *Rita*'s holding that a sentencing judge "may not presume that the Guidelines range is reasonable").  (In *United States v. Anderson*, 632 F.3d 1264, 1269 (D.C. Cir. 2011), we noted that the Supreme Court made this rule clear in *Rita*, but we said nothing about *Pickett*.  Whether the rule for our circuit was first clearly established in *Rita* or *Pickett* was of no consequence in *Anderson*, but it is here.  *Pickett* first established this rule in our circuit.)

Statements that the district court made in this case suggest that, notwithstanding *Pickett*, the court took too narrow a view of its authority to deviate from the Guidelines.

Throughout the proceedings, the court stated that it would sentence Terrell below the applicable Guidelines range only if it found "compelling reasons" to do so. See, e.g., Tr. 6/27/06, at 4:6-14 ("There would have to be compelling reasons for the Court not [to] impose an advisory guideline sentence."); *id*. at 7:8, 7:18-20 ("Now, I'm not so sure compelling reasons exist here. . . . [I]f you think there's a basis for the Court to impose something other than an advisory guideline sentence it's going to have to be for compelling reasons."); see also Tr. 8/4/05, at 4:16-18 ("In all likelihood, I'm going to follow the guidelines even though they're advisory. In all likelihood I'm going to do that."). The court explained that it had found "compelling reasons" to deviate from the Guidelines in only two prior sentencings. Tr. 6/27/06, at 4:6-14. Even after we issued our decision in *Pickett*, the court indicated that it was continuing to apply its "compelling reasons" approach. See Tr. 3/27/07, at 10:2-3 ("The question becomes why shouldn't the Court impose a [within-Guidelines] sentence of 210 months? . . . I just can't think of any compelling reasons why I should not impose a sentence of 210 months.").

The district court's "compelling reasons" rule is functionally equivalent to a presumption that the Guidelines range is reasonable, blocking a non-Guidelines sentence in the absence of special, "compelling" circumstances. See, e.g., *United States v. Alexander*, 556 F.3d 890, 893 (8th Cir. 2009); *United States v. King*, 541 F.3d 1143, 1145 (5th Cir. 2008). *Pickett* had clearly forbidden that approach prior to Terrell's sentencing.

The government argues nonetheless that the district court committed no error. As the government notes, the district court stated repeatedly that the Guidelines were merely advisory and that it would refer to the § 3553 factors in determining Terrell's sentence. See, e.g., Tr. 6/27/06, at 3:8-10; Tr. 4/24/07, at 15:14, 18:12-14. Moreover, it was clearly

aware of Terrell's individual circumstances and took those circumstances into account in crafting his sentence. But neither of these observations defeats Terrell's claim. A judge might well recognize that he is not *bound* by the Guidelines but nonetheless believe (erroneously) that the Guidelines are presumptively reasonable. Likewise, a judge might have a deep understanding of a defendant's background but nonetheless believe (again erroneously) that he must pick out some especially "compelling" circumstance from that background in order to deviate from the Guidelines range. The district court's approach in this case plainly contravened *Pickett*, and the government's arguments do not convince us otherwise.

Having determined that the district court committed an error that was clear at the time of sentencing, we must consider whether Terrell has shown the other two elements that are required for him to prevail—the requirements that the error affects "substantial rights" and "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (citations, internal quotation marks, and brackets omitted). To show that an error affected substantial rights, a defendant must demonstrate "a reasonable likelihood" that the error affected the outcome, *United States v. Gomez*, 431 F.3d 818, 822 (D.C. Cir. 2005), and in the sentencing context that probabilistic showing is "slightly less exacting" than that required for trial errors, *United States v. Saro*, 24 F.3d 283, 287-88 (D.C. Cir. 1994). Finally, as to the fourth element, we have held that because "keeping [a] defendant in prison longer for improper reasons" affects the fairness, integrity, and public reputation of judicial proceedings, we should ordinarily exercise our discretion to correct a clear error that causes such a result. *In re Sealed Case*, 573 F.3d 844, 852-53 (D.C. Cir. 2009).

We think the defendant has shown a reasonable likelihood that he would have received a shorter sentence but for the district court's error. Throughout the proceedings, the district court took actions with the apparent hope of lowering Terrell's Guidelines range. For example, the judge delayed the proceedings so as to allow Terrell a chance to obtain a reduced sentence by cooperating with the government, see Tr. 6/27/06, at 11:2-24, and to see whether *Pickett*'s holding as to the crack/powder cocaine sentencing disparity would provide a basis for reducing the sentence, see Tr. 11/28/06. And most strikingly, as noted above, the judge asked the government to award Terrell a third point for acceptance of responsibility, arguing that 188 months of imprisonment—the low end of the Guidelines range that would apply if Terrell received the third point—was "just as serious as" 210 months of imprisonment (presumably in terms of satisfying the sentencing purposes laid out in § 3553(a)). Tr. 3/27/07, at 20-23.

The government contends that the record as a whole precludes a finding of prejudice. Indeed, some of the district court's statements at sentencing suggest that the judge believed a 210-month sentence was appropriate without reference to any "compelling reasons" requirement. See, e.g., Tr. 4/24/07, at 15:12-17 (explaining that Terrell "seems . . . to fit the profile of the career offender regulations . . . and, accordingly, should be sentenced to that voluntarily [sic] guideline range unless there are some 3553 factors or other factors to take it out of that category, but I'm at a lost [sic] to find . . . just what those other factor[s] are").

Those contradictions in the record do not defeat Terrell's claim, however. Because the error is one of sentencing, Terrell need only meet the "somewhat lighter" burden of showing prejudice. *Saro*, 24 F.3d at 288. The district court made serious efforts to find a route to a reduced Guidelines range, all of which failed. It could have achieved exactly the

same result by sentencing Terrell below the Guidelines—and under a correct understanding of the law, nothing barred it from doing so.  (The district court's statement that a 188-month sentence was "just as serious" as a 210-month sentence also calls into question whether the court believed the 210-month sentence it ultimately imposed was truly "sufficient, but not greater than necessary," to achieve the goals of sentencing, as required by 18 U.S.C. § 3553(a).)

Because Terrell has shown a reasonable likelihood that the district court's plain error lengthened his sentence, we also conclude that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.  See *In re Sealed Case*, 573 F.3d at 852-53.  Terrell has established all of the elements required for reversal on plain error review, and we therefore conclude that he is entitled to resentencing.

* * *

The judgment is vacated and the case remanded for resentencing.

*So ordered.*