# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued November 20, 2015      Decided March 25, 2016

No. 14-3055

UNITED STATES OF AMERICA,
APPELLEE

v.

DWAYNE E. HEAD,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:07-pt-00348-1)

*Robert S. Becker*, appointed by the court, argued the cause and filed the briefs for appellant.

*Peter S. Smith*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Vincent H. Cohen Jr.*, Acting U.S. Attorney, and *Elizabeth Trosman* and *John P. Mannarino*, Assistant U.S. Attorneys.

Before: PILLARD, *Circuit Judge*, and SILBERMAN and SENTELLE, *Senior Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* PILLARD.

2

Dissenting opinion filed by *Senior Circuit Judge* SENTELLE.

PILLARD, *Circuit Judge*: While on supervised release following a prison term for a federal drug-dealing conviction, Dwayne Head re-offended, thereby violating a condition of his supervised release. The District of Columbia Superior Court sentenced Head to a four-year prison term for that new offense. A federal district judge then revoked Head's term of supervised release and imposed a 30-month term of imprisonment that was to run consecutive to the four-year sentence for the D.C. offense. Head argues—and the government agrees—that, in imposing the revocation term as consecutive to rather than concurrent with the new sentence, the district court appears to have erroneously invoked the Sentencing Guidelines in effect at the time of sentencing, rather than the Guidelines in effect in 1988 when Head committed the underlying offense. Use of the wrong Guidelines, Head contends, was a violation of the *Ex Post Facto* Clause's protection against the retroactive increase of punishment for a completed offense. The government counters that the apparent error made no difference. Because Head failed to present his *ex post facto* claim to the district court, we review that court's decision only for plain error. The judge's error in relying on post-offense Guidelines, in violation of the *Ex Post Facto* Clause, was plain, so we vacate Head's post-revocation sentence and remand to the district court for sentencing under the applicable Guidelines.

I.

A.

In response to criminal charges of drug dealing in September 1988, Head pled guilty on December 4, 1989, to

possession with intent to distribute thirty grams of cocaine base. *See United States v. Head*, 927 F.2d 1361, 1364, 1374 (6th Cir. 1991). A federal judge in Ohio sentenced Head to 235 months in prison and five years of supervised release.

Head was released from prison and began serving his five-year term of supervised release on November 14, 2006. When Head moved to the District of Columbia in 2007, the district court here took jurisdiction over Head's supervised release. Throughout 2008 and 2009, Head's probation officer reported that Head had failed to comply with various conditions of his supervised release, but initially recommended that the court take no action, in part because Head was employed. On April 25, 2010, while on supervised release in the District, Head was arrested for assault with a dangerous weapon. He was prosecuted in District of Columbia Superior Court, convicted of the lesser charge of felony threats, and sentenced to 48 months in prison.

Because of Head's conviction in superior court, the supervised release relating to his decades-old federal conviction was subject to revocation. *See* 18 U.S.C. § 3583 (d), (e)(3). At a January 2012 status conference, the federal district judge revoked Head's supervised release with this explanation:

> Well, based upon the conviction, the Court revokes your period of supervised release in this case. The sentencing commission guidelines actually require that the sentence here—which I'll give you the minimum under the guidelines, which is 30 months. But the guidelines do require that it be consecutive unless I find a basis for a departure.

Because of your really poor prior record, I can't find a basis for departure, so the 30 months will be consecutive.

App. 95. Head did not timely object to the determination that the Guidelines required that the sentence be consecutive rather than concurrent.

### B.

The *Ex Post Facto* Clause, U.S. CONST., Art. I, § 9, cl. 3, prohibits, among other things, the application of any law that "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed," *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390 (1798), including changes in the law that sufficiently raise the risk of increased punishment, *see Peugh v. United States*, 133 S. Ct. 2072, 2082 (2013); *United States v. Turner*, 548 F.3d 1094, 1100 (D.C. Cir. 2008). Federal law generally requires district courts to use the Sentencing Guidelines "in effect on the date the defendant is sentenced," 18 U.S.C. § 3553(a)(4)(A)(ii), unless doing so would increase punishment or sufficiently enhance the risk of an increase to amount to impermissible *ex post facto* law, *see Peugh*, 133 S. Ct. at 2081. A defendant does "not have to show definitively that he would have received a lesser sentence had the district court used the [correct] Guidelines." *Turner*, 548 F.3d at 1100.

The Sentencing Reform Act of 1984 authorizes a sentencing court to impose as "a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). During supervised release, the offender is required to abide by certain conditions, including that he not commit another federal, state, or local crime. *Id.* § 3583(d). If the court finds that an offender has violated a condition of his supervised

release, the court may "revoke" the term of supervised release and require the offender to serve all or part of that term in prison. *Id.* § 3583(e)(3). A sentence imposed upon revocation of supervised release is not punishment for the violation of the supervised-release condition, but "part of the penalty for the initial offense." *Johnson v. United States*, 529 U.S. 694, 700 (2000).

The Sentencing Commission added section 7B1.3(f)—the policy statement at issue here—as part of a November 1, 1990, revision that replaced in its entirety the chapter of the Guidelines that applies to violations of probation or supervised release. UNITED STATES SENTENCING COMMISSION, GUIDELINES MANUAL app. C, amend. 362 (1990). Before 1990, the Sentencing Guidelines were silent as to whether a revocation term of imprisonment was to be served consecutive to, or concurrently with, any other sentence. *See* UNITED STATES SENTENCING COMMISSION, GUIDELINES MANUAL ch.7 (October 1987, effective June 15, 1988). As added in 1990, section 7B1.3(f) reads:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

USSG § 7B1.3(f) (1990). The revised Guidelines thus newly directed that a term of imprisonment imposed on revocation of supervised release be ordered to run consecutively to any other prison term.

6

II.

We have jurisdiction over Head's appeal of the district court's sentencing order under 18 U.S.C. § 3742(a). Because Head did not raise an *ex post facto* claim before the district court, that challenge is forfeited, so subject to plain-error review. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Under *Olano*'s four-pronged framework for assessing whether a court may correct an error not timely raised in the district court, we hold that the district court's reliance on the incorrect Guidelines was (1) legal error that (2) was plain, (3) affected the defendant's "substantial rights," and (4) seriously affected the "fairness, integrity or public reputation of the judicial proceedings." *Id.* at 732. We accordingly exercise our discretion to identify and correct the error.

A.

The government acknowledges that it "is a reasonable inference" that the judge who sentenced Head was referring to the then-current, 2011 Guidelines policy statement in section 7B1.3(f). Gov't Br. 16, n.10. At sentencing, the judge did not expressly cite a particular version or section of the Guidelines, but his reference to what the Guidelines "require" tracked section 7B1.3(f)'s provision that a revocation sentence "shall be ordered to be served consecutively" to the sentence for the new criminal offense. *See* USSG § 7B1.3 (1990); *see also* USSG § 7B1.3 (2011) (same). As noted above, the Guidelines in effect when Head committed the underlying offense included no requirement or presumption of consecutive prison terms upon revocation of supervised release. *See* USSG ch. 7 (1988). Unconstrained by section 7B1.3(f), the district court had discretion under the 1988 Guidelines and the general guidance offered by 18 U.S.C. §§

3553(a), 3583(e), and 3584 to impose either a consecutive or concurrent sentence. *See United States v. Ayers*, 795 F.3d 168, 172 (D.C. Cir. 2015); *see also United States v. Dees*, 467 F.3d 847, 852 (3d Cir. 2006) (holding, in agreement with Fourth, Fifth, Seventh, Eighth, Ninth, and Eleventh Circuits, that courts' general sentencing discretion under 18 U.S.C. § 3584 authorizes district courts revoking supervised release to impose consecutive or concurrent sentences). Reliance on section 7B1.3(f) here created at least a "substantial risk" that Head's sentence was more severe than it would have been had the court sentenced him under the Guidelines in effect at the time of his offense. *Turner*, 548 F.3d at 1100; *see Peugh*, 133 S. Ct. at 2084.

We appreciate the possibility that, in referring to what the Guidelines "require," the district judge simply spoke inartfully. The district judge commented on the lack of "basis for departure," which the government reads to suggest that he appreciated he had some discretion. App. 95. And the judge noted Head's "really poor prior record" in violation of the terms of supervised release, which might justify the same length of sentence in any event. Perhaps he assumed that he had authority to avoid the consecutiveness requirement, but decided not to. *Id.*[1]

---

[1] The term "departure" typically refers to the imposition of a sentence outside the Guidelines' numerical range. We need not decide here in what circumstances a district court might depart from section 7B1.3(f)'s requirement of consecutive sentencing, where that requirement applies. We go no further than to observe that, unlike a fully discretionary choice, a consecutiveness requirement subject to departure would seem to contain a default bias in favor of the requirement. As the Supreme Court has explained, grounds for departure are relatively narrow and "unavailable" in most cases because "the [Sentencing] Commission will have adequately taken

8

But it is also possible that the judge felt constrained by section 7B1.3(f) to give the longer sentence—at least in the absence of a departure-worthy reason. Had the judge appreciated the full scope of his discretion, he might have deemed a concurrent sentence "sufficient, but not greater than necessary." 18 U.S.C. 3553(a). He might, for example, have chosen a concurrent sentence because, by the time of the revocation sentencing, Head had already served the entirety of his five-year term of supervised release.[2]

On the limited record, we cannot say with confidence that the district judge appreciated the full range of discretion the applicable law afforded. He did not mention "discretion," nor did he explain how he might have taken into account the statutory factors that a judge must consider in exercising discretion in sentencing. See 18 U.S.C. §§ 3583(e); 3553(a).

The government contends that there is no *ex post facto* defect in Head's sentence, or that any error was surely inconsequential, for two principal reasons. It characterizes the court as having made the requisite discretionary decision unaffected by its apparent invocation of the wrong Guidelines, and contends that the court would have reached the same sentence under the older Guidelines.

all relevant factors into account, and no departure will be legally permissible." *United States v. Booker*, 543 U.S. 220, 234 (2005); *see Turner*, 548 F.3d at 1099 (noting that "judges are more likely to sentence within the Guidelines in order to avoid the increased scrutiny that is likely to result from imposing a sentence outside the Guidelines").

[2] The fact that Head completed the term of supervised release did not moot the revocation because the violation triggering revocation occurred during the term of supervised release. In such circumstances, 18 U.S.C. § 3583(i) allows a court reasonable time to adjudicate the revocation of supervised release.

The government describes the court's order as "ultimately driven by" a discretionary judicial determination that Head's record merited a consecutive sentence. *See* Gov't Br. 18. If the court in fact imposed the term of imprisonment consecutively as a matter of discretion not hemmed in by section 7B1.3(f)'s consecutiveness rule, the government argues, it acted consistently with the Guidelines in effect at the time of the offense—and thereby avoided *ex post facto* application of the later Guidelines. *See* Gov't Br. 17-18. True enough.

Our difficulty is that we are constrained by the limited record statements of the court's reasons for the sentence it imposed. Under our decision in *Turner*, we must consider how discretion is exercised "in practice" in the particular case; only in that way can we discern whether limits on the exercise of discretion "actually 'create[] a significant risk of prolonging [an inmate's] incarceration.'" 548 F.3d at 1100 (quoting *Fletcher v. Reilly*, 433 F.3d 867, 876-77 (D.C. Cir. 2006)) (alterations in original). In apparent erroneous reference to section 7B1.3(f), the judge said that the guidelines "require" consecutive sentences. App. 95. It is not evident on the record that the judge's decision making was equivalent for *ex post facto* purposes to the discretionary choice between consecutive and concurrent sentencing, guided by the full range of sentencing factors made relevant by 18 U.S.C. 3553(a).

A misapplication of revised Sentencing Guidelines would not necessarily violate the *Ex Post Facto* Clause or require resentencing if the record were clear that "the District Court would have imposed the same sentence under the older, more lenient Guidelines that it imposed under the newer, more punitive ones," *Peugh*, 133 S. Ct. at 2088 n.8; *see* Gov't Br. 16-19. But, for the reasons just discussed, the record here

does not make that clear.  Instead, as the government acknowledges, the district judge appears to have been under the misconception that he was constrained by section 7B1.3(f).  *See* App. 95.  An erroneous belief that a harsher sentencing requirement displaced an otherwise broadly discretionary choice creates the kind of risk of increased punishment against which the *Ex Post Facto* Clause protects.  *See Peugh*, 133 S. Ct at 2082.  We remand for resentencing so as not to pretermit the trial judge's role in exercising the full discretion the law provides.

B.

The three other *Olano* factors also support vacatur and remand for resentencing here:  The *ex post facto* violation was plain, it affected Head's substantial rights, and it impaired the integrity of the sentencing proceeding.  507 U.S. at 732.

The district court's error was "plain."  *Olano*, 507 U.S. at 734.  In this circuit, one circumstance in which an error may be plain is "if, at the time it was made, a clear precedent in the Supreme Court or this circuit established its erroneous character."  *United States v. Terrell*, 696 F.3d 1257, 1260 (D.C. Cir. 2012); *see In re Sealed Case*, 573 F.3d 844, 851 (D.C. Cir. 2009) (holding that an error can be plain even in the absence of binding case law where it violates an "absolutely clear" legal norm).  In January 2012, when the district court revoked Head's supervised release and ordered him imprisoned, precedent from this circuit established that sentencing a defendant under Guidelines other than those in effect at the time of the offense that "created a substantial risk that [the] sentence [would be] more severe" was a violation of the *Ex Post Facto* Clause.  *See Turner*, 548 F.3d at 1100.

Application of the wrong Guidelines affected Head's "substantial rights."  *Olano*, 507 U.S. at 734 (quoting Fed. R.

Crim. P. 52(b)). In the sentencing context, an error affects a defendant's substantial rights where there is "a reasonable likelihood that the sentencing court's obvious errors affected his sentence." *United States v. Saro*, 24 F.3d 283, 288 (D.C. Cir. 1994). The circuit courts are in broad agreement that, even under plain-error review, the use of the wrong Guidelines, resulting in the risk of an increased sentence, "should be presumed to affect the defendant's substantial rights." *See United States v. Syme*, 276 F.3d 131, 158 (3d Cir. 2002) (quoting *United States v. Knight*, 266 F.3d 203, 207 (3d. Cir. 2001); *see also, e.g.*, *United States v. Davis*, 397 F.3d 340, 349-50 (6th Cir. 2005) (collecting cases from the Second, Seventh, Eighth, Ninth, and Tenth Circuits). To the extent that the district judge may have understood the 2011 Guidelines to require consecutive sentencing here, that created a risk of a longer term of incarceration than Head would have received under the 1988 Guidelines—a risk sufficient to violate the *Ex Post Facto* Clause, *see Peugh*, 133 S. Ct. at 2084, and impair Head's substantial rights, *Saro*, 24 F.3d at 288.

On plain-error review, a court of appeals should remedy any error that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *Olano*, 507 U.S. at 736). We exercise that discretion here because, as a practical matter, the district court's error may have extended Head's incarceration by nearly three years. Application of the wrong Guidelines, apparently resulting in a substantially increased sentence, warrants vacation of the sentence. *See, e.g.*, *United States v. John*, 597 F.3d 263, 285-86 (5th Cir. 2010); *United States v. Davis*, 397 F.3d 340, 349 (6th Cir. 2005). Our decision accords with that of several courts conducting plain-error review that have found similar sentencing increases, or risks of increases, to be sufficiently significant to call for

12

reversal. *See*, *e.g.*, *United States v. Myers*, 772 F.3d 213, 219 (5th Cir. 2014); *United States v. Woodard*, 744 F.3d 488, 497 (7th Cir. 2014); *United States v. John*, 597 F.3d 263, 286 (5th Cir. 2010); *Davis*, 397 F.3d at 345-49; *United States v. Comstock*, 154 F.3d 845, 850 (8th Cir. 1998); *United States v. Orr*, 68 F.3d 1247, 1252 (10th Cir. 1995). We hold that there is on this limited record the "requisite degree of risk," *Peugh*, 133 S. Ct. at 2082, that the district court's decision stemmed from *ex post facto* application of a Guideline adopted after Head committed the offense to require resentencing.

\* \* \*

We have carefully considered Head's several other claims and find no further error. Pursuant to 18 U.S.C. § 3742(f), we vacate the district court's January 20, 2012, order and remand with instructions to re-sentence Head in light of the Sentencing Guidelines in effect at the time of his offense.

*So ordered.*

SENTELLE, *Senior Circuit Judge*, dissenting: While I recognize that the majority correctly demonstrates that the district court technically erred in the wording supporting its sentence, I cannot join an opinion that vacates and remands the trial court's decision ostensibly under plain error review. Indeed, I fear that this circuit is drifting toward a jurisprudence in which there is no distinction between reviewing for "plain error" and simply reviewing to determine whether the district court erred. *See United States v. Brown*, 808 F.3d 865 (D.C. Cir. 2015).

The majority acknowledges that appellant "failed to present" his *ex post facto* "argument to the district court." Maj. Op. at 2. It further acknowledges that we will therefore review the court's "decision only for plain error." I would note the context of that review arises from a sentencing proceeding in which the district court stated:

> Well, based upon the conviction, the Court revokes your period of supervised release in this case. The [S]entencing [C]ommission guidelines actually require that the sentence here—which I'll give you the minimum under the guidelines, which is 30 months. But the guidelines do require that it be consecutive unless I find a basis for departure.
>
> Because of your really poor prior record, I can't find a basis for departure, so the 30 months will be consecutive.

App. 95.

If we are in fact reviewing this proceeding under the plain error standard, then we affirm unless we conclude that the district court committed (1) legal error that (2) was plain, (3) affected the defendant's "substantial rights," and (4) seriously

affected the "fairness, integrity or public reputation of the judicial proceedings." *United States v. Olano*, 507 U.S. 725, 731–32 (1993) (quoted at Maj. Op. 8).

The legal error element is no different than legal error under review other than plain error, except that we do not notice it unless it meets the total criteria applicable under the plain error standard. The majority, after a thorough scholarly plunge into the history of the applicable guidelines, concludes that while the sentencing judge correctly stated the requirements of the current guidelines as to consecutive or concurrent sentencing, the version in effect in 1988 at the time of the defendant's commission of his first offense (for which the current revocation is punishment), unlike the guidelines in effect at the time of the revocation, gave the district judge discretion to sentence concurrently rather than consecutively. While I am not at all certain that this error satisfies any common definition of "plain," I acknowledge that it is error. However, when the judge's record recitation goes on to make plain that he knew that he could depart and enter a concurrent sentence but was unwilling to do so because of the seriousness of the defendant's record, the chances that this error (whether or not plain) affected the defendant's substantial rights seem to me exceeding small and, at best, theoretical. Likewise, the entry of a sentence that by the majority's acknowledgment could be entered based on the judge's discretion even under the old guidelines, and would be required to be entered under the current guidelines, hardly seems to me to seriously affect the "fairness, integrity or public reputation of the judicial proceedings."

Therefore, I respectfully dissent from what appears to me to be a conclusion not warranted under plain error review.