# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued March 9, 2016

Decided June 10, 2016

No. 14-3010

UNITED STATES OF AMERICA,
APPELLEE

v.

MELVIN KNIGHT,
APPELLANT

Consolidated with 14-3016

Appeals from the United States District Court
for the District of Columbia
(No. 1:13-cr-00131-2)
(No. 1:13-cr-00131-1)

*Howard B. Katzoff*, appointed by the court, argued the cause for the appellants. With him on the joint briefs were *Mary E. Davis* and *Christopher M. Davis*.

*Daniel J. Lenerz*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Elizabeth Trosman* and *Suzanne Grealy Curt*, Assistant U.S. Attorneys.

Before: HENDERSON, ROGERS, and KAVANAUGH, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: Shortly after midnight on January 28, 2013, Tamika Yourse heard gunfire outside her Washington, D.C., home. Looking out her window, she saw two men, one of whom had a gun, trying to force her neighbor Edmund Peters and a woman into Peters' apartment. Ms. Yourse called 911. A large number of police officers responded to the call and swarmed the premises.

At the scene, the police arrested Melvin Knight and Aaron Thorpe for the D.C. Code offense of kidnapping while armed, as well as other D.C. Code offenses. The next day, Knight and Thorpe appeared in D.C. Superior Court. They were held without bond pending a preliminary hearing scheduled for February 1, 2013.

In the District of Columbia, the U.S. Attorney's Office is the prosecutor for most criminal cases in D.C. Superior Court. At the February 1 preliminary hearing, the federal prosecutor stated on the record that the Government had extended a plea offer of one count of assault with a deadly weapon to Knight and Thorpe. The offers were "wired," meaning that each offer was contingent on acceptance by the other defendant. The hearing continued on February 19, 2013. The prosecutor again mentioned the plea offer, but stated that Knight and Thorpe had not accepted it. The hearing went forward, and Knight and Thorpe continued to be held without bond. The D.C. Superior Court later set a trial date of May 15, 2013.

In early May, however, the U.S. Attorney's Office dropped the charges in D.C. Superior Court and obtained a federal grand jury indictment against Knight and Thorpe. The federal indictment charged each defendant with the federal offense of being a felon in possession of a firearm, as well as

the D.C. Code offenses of conspiracy, assault with a dangerous weapon, kidnapping while armed, burglary while armed, possession of a firearm during a crime of violence, and obstruction of justice. (In the unique structure of the District of Columbia, the U.S. Attorney may prosecute D.C. Code offenses in federal court so long as federal offenses are also charged.)

On June 12, 2013, the defense filed a motion to dismiss the indictment, arguing that the Government had violated the Speedy Trial Act. That Act requires an indictment or information within 30 days of an arrest for a federal criminal offense. The U.S. District Court denied the motion because the original arrest was for D.C. Code violations and therefore did not trigger the Speedy Trial Act's 30-day clock. The federal trial commenced on July 22, 2013. A jury found Knight and Thorpe guilty of all counts. The District Court sentenced Knight to 22 years and four months of imprisonment and sentenced Thorpe to 25 years' imprisonment.

On appeal, Knight and Thorpe raise several challenges. First, they claim that the Government violated the Speedy Trial Act. Second, Thorpe argues that his 25-year sentence was unreasonable. Third, both defendants assert that they received ineffective assistance of counsel regarding the plea offers they received in D.C. Superior Court.

We affirm the judgment of the District Court as to the Speedy Trial Act issue and Thorpe's sentence. Consistent with our usual practice, we remand the ineffective assistance of counsel claims to the District Court for consideration in the first instance by that court.

4

I

The Speedy Trial Act issue in this case arises primarily because of the unique status of the District of Columbia. The U.S. Attorney's Office in the District of Columbia prosecutes both federal offenses and most D.C. Code offenses. The Office may prosecute D.C. Code charges in D.C. Superior Court. It may prosecute federal charges in U.S. District Court. And it may prosecute combined federal and D.C. Code charges in either U.S. District Court or D.C. Superior Court. *See* D.C. Code § 23-101.

The U.S. Constitution guarantees criminal defendants a speedy trial. U.S. CONST. amend. VI. Congress has implemented that right for federal criminal defendants through legislation. As relevant here, the Speedy Trial Act provides: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Importantly for this case, the Act defines "offense" as "any Federal criminal offense." *Id.* § 3172.

Knight and Thorpe were arrested for D.C. Code offenses on January 28, 2013. The Government obtained a federal grand jury indictment on May 7, 2013. More than 30 days therefore passed between the defendants' January 28 arrest for D.C. Code offenses and their May 7 indictment for a federal offense. But the January arrest for D.C. Code violations did not trigger the Speedy Trial Act's 30-day requirement. As this Court has previously ruled, an arrest for a D.C. Code offense is not an arrest for a federal criminal offense and therefore does not trigger the Speedy Trial Act's 30-day clock. *See United States v. Mills*, 964 F.2d 1186, 1189-90 (D.C. Cir. 1992) (en banc); *see also United States v. Clark*, 754 F.3d 401,

405 (7th Cir. 2014); *United States v. Kelly*, 661 F.3d 682, 689 (1st Cir. 2011).

The defendants point out that the prosecutor, at their initial hearing in D.C. Superior Court on February 19, 2013, indicated that federal charges were possible.   But as this Court stated in *United States v. Seals*, "whether the prosecutor contemplated the filing of, or only tentatively decided not to bring, federal charges at the time of the appellants' arrests is irrelevant to deciding when the clock starts."   130 F.3d 451, 455 (D.C. Cir. 1997).

Knight and Thorpe also urge this Court to recognize a "ruse" exception to the Speedy Trial Act for situations where the Government arrests someone on D.C. Code charges with the intent to bring later federal charges after the Speedy Trial Act clock otherwise would have expired.   But the Court has previously declined to create such an exception to the Act.   In *United States v. Mills*, the defendants were arrested for violations of the D.C. Code.   More than 30 days later, the Government obtained a federal indictment based on the same conduct.  *Mills*, 964 F.2d at 1188.   The *Mills* defendants advanced the same argument that Knight and Thorpe do here – namely, that without a ruse exception, the Government will be able to "park" defendants in D.C. Superior Court to avoid the Speedy Trial Act's 30-day clock.  *See id.* at 1192.   But the *Mills* Court declined to adopt a ruse exception under the Speedy Trial Act.

Although the *Mills* Court declined to create such an exception under the Act, the Court recognized that a due process problem may arise when the Government parks a defendant in D.C. Superior Court to avoid the Speedy Trial Act.   The Court stated:   "If a defendant showed that the U.S. Attorney deliberately arrested him on D.C. charges and

secured a Superior Court indictment in order to gain time to gather additional evidence for a federal prosecution, he might have a valid due process claim for pre-indictment delay." *Id.* But Knight and Thorpe have not demonstrated a due process violation here. They have not demonstrated that they were deliberately arrested on D.C. Code charges in order for the Government to gain time to gather evidence for a federal prosecution.

Because the January arrests were for D.C. Code offenses, those arrests did not trigger the Speedy Trial Act's 30-day clock. Therefore, no Speedy Trial Act violation occurred in this case.

II

Thorpe contests his 25-year sentence on a variety of procedural and substantive grounds.

*First*, Thorpe raises the procedural argument that the District Court allegedly failed to consider all of the relevant Section 3553(a) factors – in particular, his intellectual disability. That objection is subject to plain error review because Thorpe did not raise it at his sentencing hearing. *United States v. Wilson*, 605 F.3d 985, 1034 (D.C. Cir. 2010). Thorpe has not pointed to any error, let alone a plain error.

At the sentencing hearing, the District Court heard arguments from the Government's attorney and from Thorpe's attorney. Both attorneys discussed Thorpe's intellectual disability. In sentencing Thorpe, the District Court explained the Section 3553(a) factors to which it was giving particular weight and those that it found less compelling. The District Court emphasized Thorpe's criminal history and the serious, dangerous nature of the crimes of conviction. Although the

District Court did not explicitly mention Thorpe's intellectual disability, that does not mean that the District Court did not consider it. Indeed, given the parties' discussions about Thorpe's intellectual abilities, it is impossible to conclude that the District Court did not consider Thorpe's disability as part of the mix of considerations. As this Court has said many times, there is no requirement that sentencing courts expressly list or discuss every Section 3553(a) factor at the sentencing hearing. *See United States v. Locke*, 664 F.3d 353, 357 (D.C. Cir. 2011) (sentencing court not required "to address expressly each and every argument advanced by the defendant") (citing *Rita v. United States*, 551 U.S. 338, 359 (2007)); *see also United States v. Brinson-Scott*, 714 F.3d 616, 627 (D.C. Cir. 2013); *In re Sealed Case*, 527 F.3d 188, 191 (D.C. Cir. 2008); *United States v. Simpson*, 430 F.3d 1177, 1186-87 (D.C. Cir. 2005).

*Second*, Thorpe contends that his 25-year sentence is substantively unreasonable. This Court's review of criminal sentences for substantive reasonableness is quite deferential. It "will be the unusual case when an appeals court can plausibly say that a sentence is so unreasonably high or low as to constitute an abuse of discretion." *United States v. Gardellini*, 545 F.3d 1089, 1093 (D.C. Cir. 2008).

This is not such a case. Thorpe was convicted of being a felon in possession of a firearm, conspiracy, assault with a dangerous weapon, kidnapping while armed, burglary while armed, possession of a firearm during a crime of violence, and obstruction of justice. Thorpe had an extensive criminal history that included other violent felonies. In light of those facts, the District Court reasonably concluded that a 25-year sentence was appropriate for Thorpe's own chance at reform, to protect the community, and to deter others from engaging in similar behavior. *See* 18 U.S.C. § 3553(a).

*Third*, Thorpe objects to the District Court's determinations about which parts of his sentence are to run concurrently and which are to run consecutively. Thorpe was convicted of nine counts – one federal offense and eight D.C. offenses. The District Court sentenced him to a term of imprisonment for each offense. Some of the sentences for the D.C. offenses were concurrent to one another, and some were consecutive to one another. The sentence for the federal offense was consecutive to the sum total of the sentences for the D.C. offenses.

The federal Sentencing Guidelines and the D.C. Voluntary Sentencing Guidelines both address how to determine whether sentences for multiple offenses should run consecutively or concurrently. However, the federal Sentencing Guidelines do not apply to the sentencing of D.C. offenses. 18 U.S.C. § 3551(a). Likewise, the D.C. Voluntary Sentencing Guidelines do not apply to the sentencing of federal offenses. And neither set of guidelines addresses whether sentences for federal offenses should run consecutively or concurrently to the D.C. Code offenses when a defendant is convicted of both federal and D.C. Code offenses. This Court has said that because the Sentencing "Guidelines are silent on the issue, how a court is to relate a Guidelines sentence to a non-Guidelines sentence is a matter of discretion." *United States v. Cutchin*, 956 F.2d 1216, 1219 (D.C. Cir. 1992). Here, given the facts and circumstances of the offense and the offender, the District Court acted well within its discretion by making the sentence for the federal offense consecutive to the sum total of the sentences for the D.C. Code offenses, with a total sentence of 25 years.

Thorpe also argues that the sentences for some of the D.C. Code offenses should have been concurrent to one another, rather than consecutive to one another. But Thorpe cites no

provision of the D.C. Voluntary Sentencing Guidelines or D.C. law requiring that the sentences for those particular D.C. Code offenses be concurrent to the sentences for the other D.C. Code offenses. The District Court did not misapply the D.C. Voluntary Sentencing Guidelines for the D.C. offenses.

*Fourth*, Thorpe argues that he should not have received a longer sentence than his co-defendant Knight. But Thorpe acknowledges that he has a more significant criminal history than Knight. The District Court did not abuse its discretion by sentencing Thorpe to a longer term of imprisonment than Knight. *See* 18 U.S.C. § 3553(a)(6).

*Fifth*, Thorpe claims that the District Court impermissibly increased his sentence after the sentencing hearing. He is incorrect. At the sentencing hearing, the District Court stated unequivocally: It "is the judgment of the Court that Aaron Thorpe is committed to the custody of Bureau of Prisons for 300 months, 25 years." Joint Appendix at 215. The District Court went on to list the count-by-count breakdown of the sentences for each offense and the ways in which those sentences would run consecutively or concurrently. It is true that the oral pronouncement of that count-by-count breakdown then added up to 20 years, rather than 25 years. Joint Appendix at 215-16. Two days later, however, the District Court entered an order clarifying that ambiguity in the oral pronouncement. The order repeated that Thorpe's sentence was 25 years' imprisonment. Joint Appendix at 220. It then listed each offense and the consecutive/concurrent designation for each. This time, those designations did add up to 25 years.

Through its written order, the District Court permissibly clarified an ambiguity in the oral pronouncement. The oral "pronouncement of the sentence constitutes the judgment of the court." *United States v. Love*, 593 F.3d 1, 9 (D.C. Cir.

2010). But a district court may use a written judgment to clarify an ambiguous oral pronouncement. *Id.* We "will not remand for the district court to correct a written judgment that clarifies – rather than contradicts – the oral pronouncement of the sentence." *Id.* So it is here.

We affirm Thorpe's sentence.

## III

Finally, Knight and Thorpe contend that their attorneys provided ineffective assistance during plea negotiations. As is this Court's usual practice, we remand to the District Court so that it may consider their ineffective assistance claims in the first instance.

To succeed on a claim of ineffective assistance, a defendant "must show not only that counsel's performance was deficient, but that he suffered prejudice as a result." *United States v. Solofa*, 745 F.3d 1226, 1229 (D.C. Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

This Court allows defendants to raise ineffective assistance claims on direct appeal, as well as in collateral proceedings. As the Supreme Court has stated, however, ineffective assistance claims "ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Massaro v. United States*, 538 U.S. 500, 505 (2003). This Court's typical practice on direct appeal, therefore, is to remand "colorable" claims of ineffective assistance to the district court. *See United States v. Mohammed*, 693 F.3d 192, 202 (D.C. Cir. 2012). We do so without first substantially analyzing the merits of those claims. *See id.* The Court does not

"reflexively remand," but neither does it "hesitate to remand when a trial record is insufficient to assess the full circumstances and rationales informing the strategic decisions of trial counsel." *Id.*

Here, the defendants allege that their attorneys were ineffective in pre-trial plea negotiations in the D.C. Superior Court. The defendants claim that they never actually rejected the Government's plea offers and that the plea offers were never explained to them. Knight and Thorpe say that they would have accepted the wired plea offers if their attorneys had properly explained the offers' terms and conditions.

The Government asserts that a remand is unnecessary in this case because the defendants cannot establish prejudice. In some circumstances, even without hearing from trial counsel, we can determine that there was no possibility of prejudice from counsel's allegedly deficient performance. In those cases, we may affirm because a remand would serve no purpose. *See United States v. Pole*, 741 F.3d 120, 126-27 (D.C. Cir. 2013). This is not such a case. The Government argues that the record conclusively establishes that neither defendant ever intended to plead guilty. The Government blames Knight and Thorpe for not contradicting the prosecutor's in-court statement in the Superior Court proceedings that both defendants had rejected a plea offer. But the Government's argument does not conclusively resolve the point because the defendants' in-court silence could be consistent with the defendants' claim that they did not understand the plea offers.

The Government also notes that Thorpe's attorney confirmed in open court, with the defendants present, that a plea offer had been extended. But again, the record does not reveal anything about plea discussions between the defendants

and their Superior Court attorneys – or a lack thereof. We cannot fairly interpret Knight's and Thorpe's in-court silence, or the comments of Thorpe's attorney, without first hearing from Knight's and Thorpe's Superior Court attorneys.

We therefore remand "to allow the district court to address the claims – and the government's responses – in the first instance." *Id.* at 127. In doing so, we conclude only that Knight's and Thorpe's claims of ineffective assistance are colorable, not that they have demonstrated ineffective assistance.

\* \* \*

We remand the case to the District Court so that the District Court may address Knight's and Thorpe's claims of ineffective assistance of counsel in the first instance. In all other respects, we affirm the judgment of the District Court.

*So ordered.*