# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued December 2, 2016        Decided January 24, 2017

No. 14-3092

UNITED STATES OF AMERICA,
APPELLEE

v.

IRVIN C. KENNY, ALSO KNOWN AS HOOP,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:96-cr-00295-1)

*A.J. Kramer*, Federal Public Defender, argued the cause and filed the briefs for appellant.

*Jennifer Loeb*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Elizabeth Trosman*, *John P. Mannarino*, and *Katherine M. Kelly*, Assistant U.S. Attorneys.

Before: ROGERS, KAVANAUGH and WILKINS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: Upon revocation of Irvin Kenny's supervised release as a result of his conviction on drug charges in Maryland, the district court sentenced him to 30 months' imprisonment, to be served consecutively to his drug sentence in Maryland.  Kenny appeals on the grounds the district court treated the Sentencing Guidelines policy statement on consecutive sentences as mandatory and also failed to consider several factors in 18 U.S.C. § 3553(a) as required by § 3583(e).  Because Kenny did not raise these objections in the district court, our review is for plain error.  *United States v. Simpson*, 430 F.3d 1177, 1183 (D.C. Cir. 2005).  For the following reasons, we hold that Kenny fails to show "clear" or "obvious" error, *United States v. Olano*, 507 U.S. 725, 734 (1993), that "affects substantial rights" based on "a reasonable likelihood that the sentencing court's obvious errors affected his sentence," *United States v. Gomez*, 431 F.3d 818, 822 (D.C. Cir. 2005) (quoting *United States v. Coles*, 403 F.3d 764, 767 (D.C. Cir. 2005); *United States v. Saro*, 24 F.3d 283, 288 (D.C. Cir. 1994)).

**I.**

On September 5, 1996, Kenny was indicted on federal charges for unlawful distribution of 50 grams or more of cocaine base and unlawful distribution of cocaine base within 1,000 feet of a school in the District of Columbia.  He pleaded guilty to one count of unlawful distribution, and was sentenced to 121 months' imprisonment and five years' supervised release.

At the time of the drug offense in the District of Columbia, Kenny was on probation in Virginia.  Based on his plea in the District of Columbia, Virginia revoked his probation and ordered him to serve his suspended sentence upon completion of his sentence in the District of Columbia.  Kenny was incarcerated from 1997 through 2005 on the federal charges and then transferred to Virginia to serve the remainder of his

suspended sentence. He was released by Virginia in December 2008, and at that time began his five-year term of supervised release for the 1996 federal conviction. While on supervised release, he was arrested in Maryland for drug offenses, for which he was sentenced to four years' imprisonment.

On December 5, 2014, following issuance of a *habeas ad prosequendum* to the Maryland detention facility, the district court held a hearing on revocation of Kenny's supervised release. Kenny moved to dismiss the violation, which the government opposed. At the hearing, the government recommended a sentence "at the low end" of the Guidelines sentencing range of 30–37 months, to run consecutive to his Maryland sentence. Rev. Hr'g Tr. 3 (Dec. 5, 2014). The district court denied Kenny's motion to dismiss, revoked his supervised release, and sentenced him to 30 months' imprisonment, consecutive to the Maryland sentence. Kenny appeals.

## II.

On appeal, Kenny does not dispute that the Guidelines sentencing range was 30–37 months' imprisonment for his violation of supervised release, or that the Sentencing Guidelines policy statement in U.S.S.G. § 7B1.3(f) instructs that supervised release revocation sentences "shall be ordered to be served consecutively." It is also undisputed that the Sentencing Guidelines (including the policy statements) are advisory. *United States v. Booker*, 543 U.S. 220, 245 (2005); *United States v. Gardellini*, 545 F.3d 1089, 1091–92 (D.C. Cir. 2008).

This appeal therefore relates primarily to the statement by the district court at the revocation hearing:

> Well, based on the Maryland conviction, I do revoke your term of supervised release in this case. I sentence

> you to the low end of the [G]uidelines, which is 30 months. But the whole scheme of the [G]uidelines, with which I agree, is that that *has to be* a consecutive sentence. The new conduct has its own penalty, but the conduct in this case is a violation of supervised release. The sentence should be, and I find it is appropriate, that it be consecutive to the Maryland sentence.

Rev. Hr'g Tr. 5 (emphasis added). Kenny contends that use of the phrase "has to be" indicates that the district court failed to appreciate the full range of its sentencing discretion and that had it appreciated its discretion it might have imposed a concurrent sentence, as defense counsel requested. We disagree.

The district court is presumed to know the law and apply it correctly, *United States v. Godines*, 433 F.3d 68, 70 (D.C. Cir. 2006); *Simpson*, 430 F.3d at 1186, and the advisory nature of the Guidelines' policy statements is long established in this circuit, even prior to the Supreme Court's decision in *Booker*. In *United States v. Bruce*, 285 F.3d 69 (D.C. Cir. 2002), this court held that under 18 U.S.C. § 3553(b) a court must "merely consider (i.e., 'reflect on,' 'think about,' 'deliberate,' 'ponder' or 'study') policy statements" because Congress had not "*require*[*d*] adherence to policy statements," *id*. at 74. Similarly, in *United States v. Hooker*, 993 F.2d 898 (D.C. Cir. 1993), the court observed that the policy statements on supervised release and probation in Chapter VII of the Sentencing Guidelines are "merely advisory," *id*. at 900. Moreover, even putting *Booker* aside, given the law of the circuit, *see LaShawn A. v. Barry*, 87 F.3d 1389, 1393 & n.3, 1395 (D.C. Cir. 1996), the observation noted in *United States v. Head*, 817 F.3d 354 (D.C. Cir. 2016), that the Guidelines "would seem to contain a default bias in favor of the [consecutiveness] requirement," *id.* at 359 n.1, cannot properly be read to hold to the contrary.

In any event, the district court's statement at the revocation hearing is not fairly understood other than as indicating that the court recognized and exercised its sentencing discretion. Kenny strains to suggest otherwise. First, the district court stated that it "agree[d]" with the Sentencing Guidelines, a statement that, in context, itself indicates the court's recognition of their advisory nature. Rev. Hr'g Tr. 5. Had the district court viewed the Guidelines as mandatory, its agreement with them would have been superfluous, if not irrelevant. Second, the district court's "has to be" reference simply paraphrased the policy statement that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release *shall be* ordered to be served consecutively," U.S.S.G. § 7B1.3(f) (emphasis added). This is clear from the fact that the district court immediately proceeded to explain its rationale for imposing a consecutive sentence — Kenny had committed two separate law violations, one in Maryland and one in violating his D.C. supervised release, and he had a long history of drug offenses. At the hearing, the district court referred to Kenny's "continued sale of drugs," admonishing him that "[y]ou got to stop," Rev. Hr'g Tr. 6, to avoid severe consequences upon another drug conviction, and also denied Kenny's motion to dismiss for the reasons set forth in the government's opposition, which described Kenny's recidivist drug offense history, *id.* at 7. Third, the district court stated not only that, in its opinion, the sentence for the supervised release violation "should be" a consecutive penalty but that such a penalty was "appropriate." *Id.* at 5.

This is the language of discretion, not application of mandatory requirements. Neither the district court's accurate recitation of the mandatory formulation in the policy statement, nor its reference to the Guidelines as a guide, *see Gall v. United States*, 522 U.S. 38, 46 (2007), vitiate the court's expressions of individual determination based on discretionary sentencing

authority.

To the extent Kenny suggests our decision in *Head*, 817 F.3d 354, requires a different conclusion, he still fails to demonstrate plain error. In *Head*, the district court stated that "the [G]uidelines do require that [the sentence for violating supervised release] be consecutive unless I find a basis for a departure," *id.* at 357. Kenny views the reference to "departure" and consideration of the defendant's "really poor prior record" to be a clear signal that the district court in *Head* understood that it had discretion, whereas he maintains there was no such signal in his case. But this suggests there is a talismanic formulation for signaling discretion when, in fact, there are multiple ways a district court can indicate it understands that it has sentencing discretion and is exercising that discretion. What Kenny ignores in maintaining that *Head* controls his case is the different record in that case. In *Head*, 817 F.3d at 358–59, the defendant raised an *ex post facto* challenge based on the district court's application of the incorrect version of the Guidelines where the correct version did not include a preference for consecutive sentences. This court found plain error upon concluding that it was unclear from the record how the district court would have exercised its discretion had it relied on the correct version of the Guidelines. *See id.* at 360–61. By contrast, the district court's understanding and intention are sufficiently clear in Kenny's case to indicate that the court understood it had and was exercising sentencing discretion.

*Head*, then, neither compels a different result in Kenny's case nor requires that a district court say more than it did to signal that it understood in imposing a 30 months' consecutive sentence on Kenny it had and was exercising discretionary authority. Kenny's reliance on *United States v. Terrell*, 696 F.3d 1257, 1261–64 (D.C. Cir. 2012), another *ex post facto* case, is also unavailing. Unlike in *Terrell*, the district court's

statement at Kenny's revocation hearing did not indicate an erroneous understanding that the Guidelines were mandatory unless the court could find "compelling reasons" to depart. *Id.* at 1262. In sum, Kenny fails to show there was either "obvious" error, *Olano*, 507 U.S. at 734, by the district court at the revocation hearing or a "reasonable likelihood" that error affected the district court's imposition of Kenny's consecutive sentence, *Gomez*, 431 F.3d at 822.

## III.

As for Kenny's remaining contention, "there is no requirement that sentencing courts expressly list or discuss every Section 3553(a) factor at the sentencing hearing." *United States v. Knight*, 824 F.3d 1105, 1110 (D.C. Cir. 2016). Kenny does not suggest this standard is inapplicable to revocation of supervised release. As Kenny also has not "asserted the import of a particular § 3553(a) factor, nothing in the statute requires the court to explain sua sponte why it did not find that factor relevant to its discretionary decision." *Simpson*, 430 F.3d at 1187. Kenny never sought further explanation by the district court of its reasoning. *United States v. Pinnick*, 47 F.3d 434, 439 (D.C. Cir. 1995); *see also United States v. Brinson-Scott*, 714 F.3d 616, 625–26 (D.C. Cir. 2013) (quoting *Rita v. United States*, 551 U.S. 338, 356–57 (2007)).

Furthermore, the record is not as barren as Kenny postulates. Kenny acknowledges that one of the statutory factors — the "advisory sentencing range" — was discussed at the revocation hearing. Appellant's Br. 6; *see* 18 U.S.C. § 3553(a)(4). Given the hearing record, "it is impossible to conclude that the District Court did not consider" that factor "as part of the mix of considerations." *Knight*, 824 F.3d at 1110. That another factor — "the nature and circumstances of the offense and the history and characteristics of the defendant," 18

U.S.C. § 3553(a)(1) — was considered at the hearing is evident not only from the district court's reliance on the prosecutor's recitation of Kenny's drug history in opposing dismissal, but from the prosecutor's acknowledgment at the hearing that Kenny's Maryland arrest was his first infraction on supervised release and defense counsel's discussion of Kenny's family and employment history. Additionally, the district court considered still another factor — the need to "afford adequate deterrence," 18 U.S.C. § 3553(a)(2)(B) — referring to Kenny's "continued sale of drugs" and warning him of the severe consequences of another offense. Rev. Hr'g Tr. 6.

Accordingly, we affirm the judgment on revocation.