**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4494**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVON NELSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:18-cr-00592-GLR-1).

Submitted:  June 24, 2021                              Decided:  June 28, 2021

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brent E. Newton, Gaithersburg, Maryland, for Appellant.  Jonathan F. Lenzner, Acting United States Attorney, Christopher M. Rigali, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Davon Nelson appeals from his convictions for fentanyl conspiracy and possession with intent to distribute fentanyl, which were entered pursuant to his guilty plea. On appeal, he asserts that he received ineffective assistance when his attorney failed to adequately explain the terms of his written plea agreement. Nelson contends that he has raised a colorable claim of ineffective assistance, and he seeks a remand to the district court for an evidentiary hearing. Finding Nelson's claim should instead be raised in a 28 U.S.C. § 2255 proceeding, we affirm.

It is well established that, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Absent clear-cut evidence, we have determined that any claims of ineffective assistance "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508. Here, Nelson concedes that the record does not conclusively support his assertions.

Nonetheless, Nelson urges this court to adopt the holdings of the First and D.C. Circuits that, on direct appeal, "colorable" claims of ineffective assistance may be remanded to the trial courts for an evidentiary hearing. *See United States v. Marquez-Perez*, 835 F.3d 153, 165 & n.6 (1st Cir. 2016); *United States v. Knight*, 824 F.3d 1105, 1112 (D.C. Cir. 2016). However, the majority of other circuits have rejected this approach and found that "post-conviction proceedings are generally the proper avenue for ineffective assistance claims." *United States v. Gooding,* 594 F. App'x 123, 131 (4th Cir. 2014) (No. 13-4995) (citing cases). We decline to alter our long-standing practice of

2

requiring that, absent "conclusive evidence," ineffective assistance claims be brought in a § 2255 motion in the first instance. *See United States v. Jordan,* 952 F.3d 160, 163 n.1 (4th Cir. 2020).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*