# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued January 8, 2015

Decided June 12, 2015
Reissued June 23, 2015

No. 13-3080

UNITED STATES OF AMERICA,
APPELLEE

v.

ARSALAN SHEMIRANI,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:12-cr-00075-1)

*Tony Axam Jr.*, Assistant Federal Public Defender, argued the cause for appellant. With him on the briefs was *A.J. Kramer*, Federal Public Defender.

*James M. Perez*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen*, *Jr.*, U.S. Attorney, and *Elizabeth Trosman*, *Chrisellen R. Kolb*, and *Courtney Spivey Urschel*, Assistant U.S. Attorneys.

Before: GARLAND, *Chief Judge*, PILLARD, *Circuit Judge*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* PILLARD.

PILLARD, *Circuit Judge*:  Arsalan Shemirani pleaded guilty to conspiracy to violate the International Emergency Economic Powers Act (IEEPA), 50 U.S.C. §§ 1701-1706, and to defraud the United States, 18 U.S.C. § 371, by unlawfully exporting United States-origin electronics and power equipment to Iran via Canada and Hong Kong.  On appeal, Shemirani raises two challenges to his sentence.  First, he claims that the sentencing court granted a motion for downward departure from the recommended Sentencing Guidelines range, but that the court failed to calculate the departure correctly.  Second, he contends that the sentencing court did not give the requisite individualized consideration to his request for a six-month downward departure—a departure that he argues is necessary to bring his sentence into line with those of defendants in similar circumstances convicted of similar offenses.  Finding no error, we affirm the sentence imposed by the district court.

**I.**

The government argues that the appeal should be dismissed because Shemirani waived his appeal rights when he entered his guilty plea.  The written plea agreement that Shemirani signed with the advice of counsel stated that he "knowingly and willingly" waived his right to appeal his sentence (with limited exceptions that nobody contends apply here).  Public App. 54.  Shemirani claims that his appeal waiver was not "knowing, intelligent, and voluntary" and thus cannot be enforced, *see United States v. Guillen*, 561 F.3d 527, 529 (D.C. Cir. 2009), but he does not seek to withdraw from any other aspect of the plea agreement.

This court has acknowledged that a criminal defendant may by his plea agreement waive the right to appeal a sentence that

is "within the statutory range and imposed under fair procedures." *Guillen*, 561 F.3d at 530. Even though such a waiver is anticipatory, as it necessarily regards a sentence that has yet to be imposed, it "is nonetheless a knowing waiver if the defendant is aware of and understands the risks involved in his decision." *Id.* at 529; *see In re Sealed Case*, 702 F.3d 59, 63 (D.C. Cir. 2012) (reciting standard); *see also United States v. Godoy*, 706 F.3d 493, 495-96 (D.C. Cir. 2013) (holding appeal waiver unenforceable where the sentencing judge told the defendant that, regardless of the terms of the plea agreement, he could appeal "any illegal sentence"—advice that "mischaracterized the meaning of the waiver in a fundamental way").

To provide assurances of the informed voluntariness of a criminal defendant's guilty plea and any accompanying plea agreement, Federal Rule of Criminal Procedure 11 requires district courts to conduct an oral, in-person colloquy with a defendant before accepting a plea of guilty. *United States v. Vonn*, 535 U.S. 55, 62 (2002). Rule 11(b)(1) specifically provides that "the court must address the defendant personally in open court" to "inform the defendant of, and determine that the defendant understands" each of fifteen enumerated items, including "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). The court accepting Shemirani's plea accordingly was required to discuss any appeal waiver with him in open court and determine that he understood it.

During Shemirani's plea colloquy, however, the district court did not satisfy the requirements of Rule 11(b)(1)(N). Although the court advised the defendant of other rights he was waiving in the plea agreement, it did not tell him about and ensure his understanding of the appeal waiver. For its part, the government said nothing during the plea colloquy about the

appeal waiver. There is no dispute that the court failed to comply with Rule 11(b)(1)(N); the disagreement is over the effect of that deficiency in the context of this case.

As noted above, the government urges us to enforce the written appeal waiver by its terms and so dismiss the appeal, whereas Shemirani contends that his waiver of his right to appeal was not knowing and voluntary, so we should address the substance of his appeal. Review of a claim of invalidity of an ostensible waiver of the right to appeal (but not the entire plea) raises difficult issues that are unsettled in this circuit, and as to which other courts take varying approaches. *See, e.g., Tellado v. United States*, 745 F.3d 48, 54 (2d Cir.) *cert. denied*, 135 S. Ct. 125 (2014); *United States v. Tanner*, 721 F.3d 1231, 1233-34 (10th Cir. 2013); *United States v. Oliver*, 630 F.3d 397, 412 (5th Cir. 2011); *Sotirion v. United States*, 617 F.3d 27, 34-38 (1st Cir. 2010); *United States v. Frook*, 616 F.3d 773, 777 (8th Cir. 2010); *United States v. Goodson*, 544 F.3d 529, 539-541 (3d Cir. 2008); *United States v. Smith*, 618 F.3d 657, 664-65 (7th Cir. 2010); *United States v. Sura*, 511 F.3d 654, 655-56 (7th Cir. 2007); *United States v. Murdock*, 398 F.3d 491, 498-99 (6th Cir. 2005); *United States v. Arellano-Gallegos*, 387 F.3d 794, 797 (9th Cir. 2004). Because, as discussed below, Shemirani's sentencing challenges lack merit, and because Shemirani's waiver of appellate rights is not a jurisdictional issue,[1] we decline to decide whether he has effectively waived his right to appeal.

We recognize the great care and attention the district courts in this circuit devote to the process of accepting criminal

---

[1] *See, e.g.*, *United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007); *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007); *United States v. Mason*, 343 F.3d 893, 893 (7th Cir. 2003); *United States v. Hines*, 196 F.3d 270, 272 (1st Cir. 1999).

defendants' guilty pleas. In order to assure consistent enforceability of waivers of rights in plea agreements, courts conducting plea colloquies must scrupulously adhere to the obligations of Rule 11. We also take this opportunity to emphasize that the United States Attorney's Office would be well advised to develop instructions and training for its attorneys to make it part of their routine practice to help ensure that district courts fulfill each of the requirements of Rule 11, including Rule 11(b)(1)(N), when a defendant enters a plea.

**II.**

Turning to the merits of Shemirani's appeal of his sentence, we conclude that the district court did not err in evaluating the first of two requests for a downward departure at issue in this case.

Shemirani argues that the district court intended to grant a downward departure from the Guidelines range but erred by imposing a within-Guidelines sentence. *Cf. United States v. Vazquez-Lebron*, 582 F.3d 443, 445 (3d Cir. 2009). The record reveals, however, that the district court did not intend to grant the departure motion. The court instead imposed a sentence within the Guidelines range, appropriately considered the sentencing factors set forth by 18 U.S.C. § 3553, and explained how and why it arrived at the specific sentence that it imposed. The transcript of the sentencing hearing and the court's Judgment confirm the court's reasoning. The judge heard what the government was requesting and its proposed methodology and expressed his disagreement with it.

**III.**

Finally, we conclude that Shemirani's request for a six-month departure was given adequate consideration before it was denied.

Defendants are entitled to an individualized consideration by the sentencing judge. *See Gall v. United States*, 552 U.S. 38, 52 (2007). For that reason, and to ensure an adequate record on appeal, sentencing judges must explain their reasons for imposing a particular sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *In re Sealed Case*, 527 F.3d 188, 192 (D.C. Cir. 2008). Moreover, courts have held that sentencing judges commit reversible error when they ignore a defendant's non-frivolous argument for leniency. *See, e.g.*, *United States v. Friedman*, 658 F.3d 342, 362 (3d Cir. 2011); *United States v. Villegas-Miranda*, 579 F.3d 798, 801 (7th Cir. 2009).

Shemirani claims that his request for departure was summarily denied without individualized consideration pursuant to the sentencing judge's categorical rule against granting the type of departure Shemirani sought. Such a categorical rule would give us pause, as it could pose a serious risk of depriving defendants of the individual consideration to which they are entitled. Here, however, the record shows that the sentencing judge acknowledged his authority to depart. Shemirani's request was typical of prior, similar requests made by other defendants—the same type of request that the sentencing judge had rejected. Shemirani offered no argument to suggest that his situation differed in any individualized respect. In light of the way Shemirani's request was presented, the district court's consideration was adequately individualized.

7

\* \* \*

For the foregoing reasons, the judgment of the district court is affirmed.

*So ordered.*