# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued April 9, 2015             Decided July 31, 2015

No. 10-3069

UNITED STATES OF AMERICA,
APPELLEE

v.

LEE AYERS,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cr-00364)

*Beverly G. Dyer*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A.J. Kramer*, Federal Public Defender.

*John V. Geise*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief was *Ronald C. Machen, Jr.*, U.S. Attorney at the time the brief was filed, and *Elizabeth Trosman* and *Elizabeth H. Danello*, Assistant U.S. Attorneys.

Before: BROWN, PILLARD and WILKINS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* WILKINS.

2

WILKINS, *Circuit Judge*:

Federal law disparately treats equal weights of powder and crack cocaine. The "crack/powder disparity" has been the subject of numerous lawsuits and policy proposals; it has reached the Supreme Court and been debated in Congress. This case presents an apparently novel question: whether a district court must consider the crack/powder disparity before deciding whether to assign concurrent or consecutive sentences to a defendant. The defendant in this case sought to convince the District Court that it should assign concurrent sentences in order to account for the difference between the twelve-year sentence to which he agreed in a plea agreement and the three to four years that the United States Sentencing Guidelines would have recommended had he been caught with powder cocaine instead of crack cocaine. The District Court was unconvinced, noting, among other things, that Congress enacted a ten-year mandatory minimum sentence for this offense, and ordered the defendant's sentence to run consecutive to a previously imposed sentence.

The gravamen of the defendant's challenge on appeal is that the District Court adopted a constrained view of its discretion and that this constraint led the District Court to impose a consecutive rather than a concurrent sentence. Although we agree that the District Court misinterpreted one aspect of the statute related to the assignation of concurrent or consecutive sentences, we find it clear from the record that this error did not materially affect the District Court's decision. We also reject the defendant's other challenges to the District Court's reasoning. We therefore affirm.

**I.**

In September 2008, Lee Ayers was arrested after a high-speed chase through residential areas of the District of

Columbia. The chase began when Metropolitan Police Department ("MPD") officers attempted to conduct a traffic stop of Ayers's vehicle. Rather than pulling over, Ayers accelerated in an attempt to flee. He fled for several blocks, at one point driving the wrong way down a one-way street, before losing control of his vehicle and crashing. J.A. 17.

A few days later, MPD officers executed a search warrant for the vehicle. Police found a bag inside the vehicle containing 98.1 grams of crack cocaine, a Beretta 9mm handgun, ammunition, a glass cooking pot with cocaine residue on it, and $3,800 in cash. Police also recovered a Glock 27 handgun, a scale with cocaine residue on it, zip-lock bags, and three grams of marijuana. J.A. 18.

A federal grand jury subsequently returned a four-count indictment against Ayers: one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(iii); one count of using, carrying, and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1); and two counts of unlawful possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). J.A. 10-12. Because Ayers had previously been convicted of possession with intent to distribute cocaine, he was subject to sentencing enhancements under 21 U.S.C. § 841(b) that could result in a mandatory minimum of 20 years imprisonment for the drug charge alone. J.A. 13.

On April 1, 2010, Ayers entered into a Rule 11(c)(1)(C) plea agreement in which he agreed to a 144-month sentence for possession with intent to distribute 50 grams or more of crack cocaine. He also acknowledged that he had possessed the two firearms and ammunition at the time of his arrest and conceded that all of the government's charges were based in

fact. In exchange, the government agreed to request dismissal of the three firearm-related counts of the indictment. J.A. 21-24; *see* FED. R. CRIM. P. 11(c)(1)(A). The parties also "agree[d] that [Ayers] may request for the agreed-upon sentence to run concurrent to any other applicable sentence [he] may be serving, but that the Government may oppose such a request." J.A. 22. This last provision was relevant because of Ayers's 2009 conviction in the Superior Court of the District of Columbia of several counts related to "an urban warfare-style shootout," for which he was sentenced to nine years in prison. J.A. 29-30. Ayers made clear, both at the plea hearing and in his sentencing memorandum, that he intended to argue for a concurrent or partially concurrent sentence based on the crack/powder disparity and changes in law related to this disparity. J.A. 42-43, 85.

The District Court held a sentencing hearing in July 2010. The only contested issue at the hearing was whether Ayers's twelve-year federal sentence should run consecutive to or concurrent with his nine-year Superior Court sentence. Ayers argued that a concurrent or partially concurrent sentence was appropriate in order to account for the punishment disparity between crack and powder cocaine. The District Court rejected this argument. In the course of making its sentencing decision, the District Court concluded that the law contained a presumption of consecutive sentences for separate crimes and that assigning fully concurrent sentences would undercut the ten-year mandatory minimum Ayers faced for the offense to which he pled guilty. J.A. 127-29. Having found that the defendant's history and the circumstances of the crime justified fully consecutive sentences, the District Court also rejected Ayers's request for partially concurrent sentences.

Ayers contends that the District Court misinterpreted the law as expressing a presumption in favor of consecutive sentences and being incompatible with concurrent sentencing. He also argues that the District Court wrongly determined that the parties should have negotiated the question of concurrent or consecutive sentences as part of the plea agreement and therefore improperly refused to take into account the crack/powder disparity.  We review his claims in turn.

**II.**

**A.**

"Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings."  *Setser v. United States*, 132 S. Ct. 1463, 1468 (2012).  This discretion is guided by 18 U.S.C. § 3584(b), which provides that "[t]he court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."  The § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed to reflect the seriousness of . . . and to provide just punishment for the offense," "the kinds of sentences available," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a).  When imposing a sentence, a district court is not required to explicitly address every factor, *see United States v. Simpson*, 430 F.3d 1177, 1186-87 (D.C. Cir. 2005), but a sentencing decision is normally remanded

where the district court "based its decision on an impermissible factor" such as a misunderstood statute, *United States v. Dozier*, 162 F.3d 120, 128 (D.C. Cir. 1998). However, "[i]f the party defending the sentence persuades the court of appeals that the district court would have imposed the same sentence absent the erroneous factor, then a remand is not required . . . and the court of appeals may affirm the sentence." *Williams v. United States*, 503 U.S. 193, 203 (1992); *see also* FED. R. CRIM. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

**B.**

Ayers argues that the District Court wrongly limited its discretion by determining that concurrent sentencing ran counter to a statutory presumption in favor of consecutive sentencing and would undercut the mandatory minimum regime. While we agree that the District Court misinterpreted 18 U.S.C § 3584(a) as "hav[ing] embedded in it a presumption in favor of consecutive sentences for separate conduct and offenses," J.A. 127, we conclude that this error did not sufficiently affect the District Court's exercise of its discretion to require remand and resentencing.

Our circuit has not yet considered whether § 3584(a) creates a presumption in favor of consecutive sentencing. Other circuits have arrived at conflicting understandings of the statute. *Compare Espinoza v. Sabol*, 558 F.3d 83, 92 (1st Cir. 2009) ("Espinoza was subject to the presumption in § 3584(a) that his 1997 sentence was to be served consecutively to his 1987 sentence."), *and United States v. Shafer*, 438 F.3d 1225, 1227 (8th Cir. 2006) ("When prison terms for multiple offenses are imposed at different times, the governing statute encourages consecutive sentencing."), *with*

*United States v. Martin*, 371 F. App'x 602, 606 n.2 (6th Cir. 2010) ("Insofar as the government is suggesting that the statute somehow favors consecutive sentences, it is incorrect."). Upon review of the statute's text, statutory context, and legislative history, we are convinced that § 3584(a) addresses only how sentencing orders are to be interpreted, and not how sentencing decisions are to be made.

"As always, we begin with the text of the statute." *Limtiaco v. Camacho*, 549 U.S. 483, 488 (2007); *United States v. Hite*, 769 F.3d 1154, 1160 (D.C. Cir. 2014). In relevant part, § 3584(a) states that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Although the District Court's confusion is understandable, nothing in this language directs a trial court to presume that imposing a consecutive sentence is the preferred option. Moreover, unlike other statutes establishing presumptions, this statute does not expressly indicate that a presumption applies. *Compare id.*, *with, e.g.*, *id.* § 1201(b) (in the context of federal kidnaping statute, "the failure to release the victim within twenty-four hours after he shall have been unlawfully seized . . . shall create a rebuttable presumption that such person has been transported in interstate or foreign commerce"), *and id.* § 3142(e)(2) (when a judicial officer considers whether a violent or repeat offender should be released pending trial, "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that," *inter alia*, the individual was on release pending trial when the crime occurred). Congress knows how to write a statute establishing a presumption; we hesitate to find an implied presumption where Congress has not done so. *Cf. Astrue v.*

*Ratliff*, 560 U.S. 586, 595 (2010); *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252 (2010).

The statute's context reinforces the conclusion that § 3584(a) is not meant to include a presumption in favor of consecutive sentencing. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 253 (2009) ("Our conclusions regarding congressional intent can be confirmed by a statute's context."). Section 3584(b), entitled "Factors to be considered in imposing concurrent or consecutive terms," directs the court to consider the factors listed in § 3553(a). Neither § 3584(b) nor § 3553(a) sets forth a presumption in favor of consecutive terms for separate offenses. While *expresio unius est exclusio alterius* is not always a useful interpretive aid, the omission of any language suggesting a presumption from a statute expressly setting forth the relevant factors for a court to consider when deciding between concurrent and consecutive sentences is a strong indicator that Congress did not intend any such presumption to apply. *Cf. Indep. Ins. Agents of America, Inc. v. Hawke*, 211 F.3d 638, 644 (D.C. Cir. 2000).

Though the statutory language provides the answer, we note that the legislative history is also clear. The Senate Judiciary Committee Report on the Comprehensive Crime Control Act of 1984 stated that "[s]ubsection (A) is intended to be used as a rule of construction in the cases in which the court is silent as to whether sentences are consecutive or concurrent, in order to avoid litigation on the subject." *See* S. Rep. No. 98-225, at 127 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3310. This is consistent with the Supreme Court's description of § 3584(a). *See Setser*, 132 S. Ct. at 1467 ("The first subsection of [§ 3584] . . . says when concurrent and consecutive sentences may be imposed, and specifies which of those dispositions will be assumed in

absence of indication by the sentencing judge . . . .").  In keeping with the broad discretion vested in trial judges at sentencing, we hold that § 3584(a) is neutral as to whether concurrent or consecutive sentences should be imposed.

The question now becomes whether the District Court's error in misinterpreting § 3584(a) as establishing a presumption in favor of consecutive sentencing affected the District Court's exercise of its discretion, thereby requiring the remedy sought by Ayers—remand for a new sentencing decision.  In this case, the District Court gave a lengthy and detailed explanation for its sentence, after hearing extensive argument from the parties and reviewing their sentencing memoranda.   Based on a comprehensive review of the sentencing proceedings, we conclude that the error does not require remanding for resentencing.

## C.

The first order of business for the District Court was to determine whether to accept the 11(c)(1)(C) plea agreement for a 144-month term of imprisonment.  Both parties accepted the findings of the presentence investigative report, and based on the information in that report, the District Court calculated the Sentencing Guidelines range for Ayers's conduct.  Under the Sentencing Guidelines, a defendant is given an offense level and a criminal history score, and the suggested range of sentences is determined by cross-referencing the two scores on an index.  Ayers pled guilty to possession with intent to distribute 50 grams or more of cocaine base, which carries an offense level of 30.[1]  The crime involved dangerous weapons, adding two offense levels. Ayers accepted responsibility for his actions, however, leading to a three-level downward

---

[1] The District Court performed all Guidelines calculations pursuant to the then-applicable 2010 version of the Guidelines manual.

adjustment and a total offense level of 29. Because of his extensive criminal history—he was in fact on supervised release when he committed his latest crime—Ayers was at the top of criminal history category 5. The guidelines range was therefore 140 to 175 months. J.A. 91-93.

The District Court gave both sides an opportunity to present their arguments with respect to the agreed-upon sentence. After hearing those arguments, based upon a variety of factors, the District Court found that the 144 month agreement was an appropriate sentence. The District Court noted that Ayers's crime carried a ten-year mandatory minimum sentence and that had there been no plea agreement, the government could have enhanced the drug charge to change the mandatory minimum to 20 years based upon Ayers's prior felony drug conviction, and that Ayers also would have been subject to a consecutive five-year mandatory minimum sentence for possessing a firearm during a drug trafficking offense. In other words, without the plea agreement, Ayers could have faced a sentence of no less than 25 years if convicted of all of the charges. The District Court also took into account that the instant offense was a serious drug offense that involved the possession of multiple firearms and dangerous flight from the police. In addition, the District Court noted that Ayers committed this offense while he was on release for another offense and that Ayers had a lengthy criminal history that included violent offenses. The District Court noted that the 144 month agreement was within the Guidelines range, and that Ayers could have faced much more time had he not reached this plea agreement with the government. After consideration of the Section 3553(a) factors, the District Court concluded that 144 months was an appropriate sentence and accepted the Rule 11(c)(1)(C) plea agreement. J.A. 125-26.

The District Court then turned to the issue of whether to make the twelve-year federal sentence fully or partially concurrent to the nine-year Superior Court sentence. Again, the parties were given an opportunity to present their arguments. Ayers's primary argument was that the District Court should assign fully concurrent sentences to counteract the unwarranted disparity between sentences for offenses involving crack and powder cocaine. Ayers pointed out that the Guidelines calculation for the same amount of powder cocaine would have been in the range of three to four years, so he requested that the District Court make his federal sentence fully concurrent to the Superior Court sentence to account for the disparity. Ayers also argued that there was a relationship between the two offenses because some of the evidence from the Superior Court trial might have been used in the District Court; in particular, one of the handguns recovered from Ayers's vehicle had been used in the shooting for which he had been sentenced in Superior Court. J.A. 113-14. The Government's primary response was that consecutive sentencing was appropriate because the instant offense was unrelated to the Superior Court sentence and that "it simply does not make sense and is not in the interest of justice to have that Superior Court sentence serve as a way to evade responsibility in this case." J.A. 98. The government pointed out that a first offender pleading to this drug charge would face no less than the ten-year mandatory minimum sentence, so a fully concurrent sentence for Ayers, which would result in only three additional years imprisonment for this offense, would essentially reward Ayers for his commission of another serious crime. J.A. 96-8. The government had a powerful argument, because the Superior Court offense was a truly serious one, in which Ayers, his brother, and a third unidentified person engaged in a shootout with unknown individuals on a residential street—the kind of crime that terrorizes and destroys communities.

During the exchange with the parties, the District Court stated its agreement with the prosecution's argument that Section 3584(a) "basically contains a presumption for a consecutive sentence but leaves it in the discretion of the district court." J.A. 102. As we held above, there is no such presumption, and this statement was error. However, throughout these arguments, the District Court also consistently acknowledged that it had full discretion to assign concurrent or consecutive sentences. *See* J.A. 97 (rejecting argument that Sentencing Guidelines contains presumption that "separate offenses deserve separate punishments"); J.A. 99 (noting that "whether to impose the sentence concurrent or consecutive, is something that's completely in my discretion"); J.A. 127 ("[B]oth sides agree that this decision on concurrent versus consecutive is at my discretion, and I think that is true.").

When rejecting the request to make the federal sentence fully concurrent, the District Court indicated what it believed was the "most important[]" factor, and it was not the alleged presumption. J.A. 128. Instead, the District Court relied on its conclusion that in this instance running Ayers's sentences fully concurrent would frustrate Congress's intent that someone committing this offense should serve a mandatory minimum sentence of ten years. The District Court did not conclude that Congress *required* consecutive sentences, or indicate that it did not have discretion to make the sentences run concurrently; it instead declined to accept Ayers's invitation to use concurrent sentencing as a way around the statutory mandatory minimum in this instance. The District Court agreed with the government's contention that Ayers should not effectively benefit from having committed another serious and violent offense, J.A. 128, and this was a proper exercise of its discretion.

In rejecting Ayers's request for partially concurrent sentences, the District Court did not mention the alleged presumption at all. Instead, the District Court found that "there [were] plainly sufficient reasons for a 144-month consecutive sentence in this case given all the considerations of circumstances with respect to the defendant." J.A. 129. Among these considerations were that Ayers had committed "an extremely serious crime with significant impact on the community" involving firearms and "reckless flight by the defendant that endangered himself and others," J.A. 123, and that Ayers "seems to have gotten very limited benefit, if any, from his prior contact with the criminal justice system," J.A. 124. The District Court acknowledged that it could be true to the ten-year mandatory minimum sentence and still make 24 months of the federal sentence concurrent, but it declined to do so because it ultimately believed that a twelve-year sentence consecutive to the Superior Court sentence was appropriate for Ayers, given "his past conduct and the conduct relating to this offense and considerations of an even higher sentence" had he not reached the plea agreement. J.A. 129.

Ultimately, while the District Court mentioned a presumption in favor of consecutive sentences, it also acknowledged that it had complete discretion to impose concurrent sentences should it choose to do so, and it clearly stated that the reasons that persuaded the court not to impose fully or partially concurrent sentences in this case had nothing to do with the erroneous presumption. We have held that a district court can, in its discretion, properly decide not to impose concurrent sentences if doing so would inappropriately make the later offense "penalty-free," *United States v. Heard*, 359 F.3d 544, 552 (D.C. Cir. 2004), and the District Court applied similar reasoning here. Under these circumstances, the record conclusively demonstrates that the

District Court would have made the same sentencing decision even had it properly understood § 3584(a); its misinterpretation of that provision was therefore harmless and no remand is necessary.[2] *See United States v. Godines*, 433 F.3d 68, 70 (D.C. Cir. 2006) ("[T]he District Court's alternative rationale rendered harmless its [improper] mandatory application of the Sentencing Guidelines."); *see also Williams*, 503 U.S. at 203 ("[E]rror was harmless . . . [if] the error did not affect the district court's selection of the sentence imposed."). If we had any doubt as to whether the erroneous understanding the District Court expressed about § 3584(a) affected the District Court's sentencing decision, we would not hold the error to be harmless. The District Court's detailed and legally sound justifications of the sentence here, however, satisfy us that the District Court would re-impose the same sentence on remand.

## D.

Ayers further contends that the District Court improperly determined that the parties either addressed or should have addressed the issue of whether the federal sentence would run consecutive to or concurrent with the Superior Court sentence, and that the District Court failed to properly understand the scope of its discretion as allowing the consideration of the crack/powder disparity in making the concurrent versus consecutive determination. The record abundantly refutes the first contention. While the District Court suggested that "all of this seems . . . to be something

---

[2] Because we conclude that any error was harmless, we need not consider the Government's argument that Ayers failed to preserve for appeal the argument that § 3584(a) does not contain a presumption in favor of consecutive sentences and that the District Court's interpretation of the statute should be reviewed only for plain error.

that should have been discussed in entering into the plea and deciding . . . the appropriate sentence," J.A. 106, as shown above, the District Court made clear on multiple occasions that it understood that it had discretion to make the concurrent versus consecutive determination.

As to the second contention, while it is well settled that mitigating the disparity between the Guidelines range for crack and powder cocaine is a relevant sentencing consideration under § 3553(a), *see Kimbrough v. United States*, 552 U.S. 85, 110 (2007); *United States v. Pickett*, 475 F.3d 1347, 1354-56 (D.C. Cir. 2007), the record amply demonstrates that the District Court was well aware of that factor; indeed, the District Court repeatedly mentioned the need to consider adjusting for the disparity in the Guidelines between crack and powder cocaine while determining an appropriate sentence. *See* J.A. 95, 101, 106-07, 110, 127-28. The record also shows that District Court was mindful of its obligation, pursuant to 18 U.S.C. § 3553(a)(6), to avoid unwarranted sentencing disparities among similarly situated defendants. J.A. 99-100. The District Court was concerned that the fact that Ayers could not point to any instances in which a sentencing court used concurrent sentences to mitigate the crack/powder differences raised the specter of creating such an unwarranted disparity, since concurrent sentences "d[id] not appear . . . to be a common way to address that issue." J.A. 127-28. The potential for creating unwarranted disparity among similarly situated defendants was highlighted because Ayers's brother, who was convicted as a codefendant in the Superior Court case and who also had been sentenced for a separate federal crack possession offense, received a federal sentence that was fully consecutive with his Superior Court sentence. J.A. 117. All in all, the record shows that the District Court did not improperly limit its discretion by concluding that it *could* not consider the

crack/powder disparity; it instead decided that it *would* not address the crack/powder disparity through concurrent sentencing. This decision was well within the "wide discretion" afforded to the district courts in assigning sentences. *Paroline v. United States*, 134 S. Ct. 1710, 1729 (2014). While there may be circumstances in which it would be an abuse of discretion for a district court judge to refuse to make a federal sentence fully or partially concurrent to account for the crack/powder disparity, Ayers has not shown that it was necessary to do so here.

## III.

The District Court considered the appropriate factors in determining whether Ayers's federal sentence should run concurrent with or consecutive to his previously imposed Superior Court sentence. Although the District Court erred by interpreting 18 U.S.C. § 3584(a) as establishing a presumption in favor of consecutive sentences, this error was harmless, as the District Court recognized that it had the discretion to impose either a consecutive or concurrent sentence and concluded that a consecutive sentence was warranted based on factors independent of the supposed statutory presumption. We therefore affirm the District Court's sentencing order.

*So ordered.*