Rogers, Circuit Judge, dissenting:
Federal Rule of Criminal Procedure 11 is a "guilty-plea safeguard[ ]" for the right to appeal, United States v. Ruiz , 536 U.S. 622, 631, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002), a right "fundamental to the protection of life and liberty and therefore a necessary ingredient of due process of law," Griffin v. Illinois , 351 U.S. 12, 20, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (Frankfurter, J., concurring). Among the rights of which the district court "must inform the defendant" prior to accepting a guilty plea is "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." FED. R. CRIM. P. 11(b)(1)(N) (enacted as Rule 11(c)(6), effective Dec. 1, 1999). The district court also "must ... determine that the defendant understands ... the terms of" this waiver. Id.
Rule 11 was amended to include the right to appeal "to reflect the increasing practice of including provisions in plea agreements which require the defendant to waive certain appellate rights." FED. R. CRIM. P. 11, Advisory Committee Notes to 1999 Amendments; see United States v. Sura , 511 F.3d 654, 658 (7th Cir. 2007). "[T]he [Advisory] Committee believed it was important to insure that first, a complete record exists regarding any waiver provisions, and second, that the waiver was voluntarily and knowingly made by the defendant." Committee Notes to 1999 Amendments. A Rule 11(b)(1)(N) inquiry is thus of critical importance in ensuring that "[a]n anticipatory waiver-that is, one made before the defendant knows what the sentence will be-is nonetheless a knowing waiver [because] the defendant is aware of and understands the risks involved in his decision." United States v. Guillen , 561 F.3d 527, 529 (D.C. Cir. 2009) ; see United States v. Arellano-Gallegos , 387 F.3d 794, 797 (9th Cir. 2004).
Here, the Magistrate Judge who accepted Lee's guilty plea pursuant to a plea agreement, and the district court judge who, by minute order, adopted the Magistrate Judge's recommendation to accept the plea, never informed Lee that he was waiving his right to appeal and to collaterally attack his sentence. Lee now seeks to challenge certain supervised release conditions in the written judgment of conviction, and the government maintains that his challenge is barred by the appeal waiver in his plea agreement.
The harmless error provision of Rule 11, which, excuses error "not affect[ing] substantial rights," FED. R. CRIM. P. 11(h), was added as a narrow exception aimed at "end[ing] the practice ... of reversing automatically for any Rule 11 error," United States v. Vonn , 535 U.S. 55, 66, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) ; see FED. R. CRIM. P. 11(h), Advisory Committee Notes to 1983 Amendments. Where, as *510 here, no objection was made to a failure under Rule 11(b)(1)(N), the defendant must show that the error was plain and affected his substantial rights. Vonn , 535 U.S. at 63, 122 S.Ct. 1043 (citing United States v. Olano , 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) ). Therefore, the threshold question is whether Lee has demonstrated the failure to inform him as required by Rule 11(b)(1)(N) was error that was plain and affected his substantial rights.
Lee has shown there was error, for the plain text of Rule 11(b)(1)(N) imposes a mandatory requirement on the district court. During the plea colloquy, no mention was made of the plea agreement provision waiving Lee's right to appeal by the Magistrate Judge, or even by the prosecutor or defense counsel. Nor did the Magistrate Judge expressly determine that Lee understood the terms of the waiver provision. Lee has also shown that the error was plain. See United States v. Shemirani , 802 F.3d 1, 3 (D.C. Cir. 2015) ; Guillen , 561 F.3d at 531 ; United States v. Murdock , 398 F.3d 491, 497 (6th Cir. 2005) ; Arellano , 387 F.3d at 796. What happened in Lee's case was a " 'wholesale' " violation of Rule 11(b)(1)(N), Murdock , 398 F.3d at 497 (quoting Arellano , 387 F.3d at 797 ), not merely a technical violation as might fall within the narrow scope of Rule 11(h). So the question is whether Lee has shown that his substantial rights were affected, and if so, whether the error "seriously affect[ed ] the fairness, integrity or public reputation of judicial proceedings." Olano , 507 U.S. at 732, 113 S.Ct. 1770 (internal quotation marks and citation omitted ). For the following reasons I conclude that there was plain error as to the appeal waiver, and upon reaching the merits of his appeal I conclude that Lee's case must be remanded with regard to the "standard" conditions of his supervised release.
I.
The Supreme Court has instructed that in seeking reversal of a conviction after a guilty plea on the ground of plain error under Rule 11, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez , 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). Lee does not seek reversal of his conviction but merely to void the appellate waiver provision in order to challenge conditions of his supervised release. This court has yet to apply Dominguez Benitez in that context, and the circuit courts of appeal have taken different approaches. See Shemirani , 802 F.3d at 3 (collecting cases). For instance, the Third Circuit has held that where
the defendant does not seek the reversal of his conviction (i.e., does not seek to withdraw his guilty plea) but only challenges the validity of his appellate waiver so that he may appeal from his sentence, he is obliged to show a reasonable probability that the Rule 11 error precluded him from understanding that he had a right to appeal and that he had substantially agreed to give up that right.
United States v. Corso , 549 F.3d 921, 929 (3d Cir. 2008) (internal quotation marks and citation omitted ) (emphasis added ). Other circuits take the same or a similar approach. See e.g. , Murdock , 398 F.3d at 496 ; Arellano , 387 F.3d at 797 ; see also United States v. Burden , 860 F.3d 45, 53-54 (2d Cir. 2017). Still other circuits have held that a defendant challenging a Rule 11(b)(1)(N) error who is not seeking reversal of his conviction must still show that he would not have otherwise entered the plea. See United States v. Tanner , 721 F.3d 1231, 1236 (10th Cir. 2013) ; United States v. Polak , 573 F.3d 428, 431 (7th Cir. 2009) ;
*511 United States v. Borrero-Acevedo , 533 F.3d 11, 16-18 (1st Cir. 2008).
Interpreting the substantial prejudice standard to emphasize the defendant's understanding of his waiver, as in Corso , Murdock , and Arellano , accords with this court's precedent that the record must show a defendant "knows what he is doing" in waiving the right to appeal. Guillen , 561 F.3d at 530 (internal quotation marks and citation omitted ). Under this approach, a defendant's substantial rights were affected if "there was no functional substitute" for a Rule 11(b)(1)(N) inquiry. Murdock , 398 F.3d at 497 ; see Corso , 549 F.3d at 931 ; Arellano , 387 F.3d at 797. Even courts requiring a defendant to show he would not have entered his plea have held that "[i]f the safeguard required by Rule 11 is missing, the record must reveal an adequate substitute for it." Sura , 511 F.3d at 662. A review of the district court record in Lee's case, see Vonn , 535 U.S. at 74-76, 122 S.Ct. 1043, reveals the "absence of any indication on the record that the defendant understood that he had a right to appeal and that he was giving up that right," Murdock , 398 F.3d at 497 (citing Arellanos , 387 F.3d at 797 ).
This court in Guillen , while agreeing with our sister circuits that waivers of the right of appeal "generally may be enforced," 561 F.3d at 529, and "[d ]rawing upon the experience of sister circuits," identified "some circumstances that may lead a reviewing court not to enforce a pre-sentence waiver," id. at 530 (citing decisions from the First, Fourth, Eighth, and Tenth Circuits). For instance, the court explained:
Nor should a waiver be enforced if the sentencing court's failure in some material way to follow a prescribed sentencing procedure results in a miscarriage of justice. If, for example, the district court utterly fails to advert to the factors in 18 U.S.C. § 3553(a), then this court may disregard the waiver and consider the defendant's argument that the district court imposed an unlawful sentence.
Id. at 531 (emphasis added ). More recently, the court observed that "[i]n order to assure consistent enforceability of waivers of rights in plea agreements, courts conducting plea colloquies must scrupulously adhere to the obligations of Rule 11." Shemirani , 802 F.3d at 3. That did not happen in Lee's case.
The court's analysis today focuses on factors other than Lee's understanding of the terms of his waiver of the right to appeal. Although the court acknowledges that a plea agreement itself does not dispose of the inquiry of whether Lee's substantial rights were affected, see Op. at 507, it nonetheless points to the "clarity of the written plea agreement" along with Lee's and his counsel's signatures on the agreement as additional evidence of the knowing, intelligent, and voluntary nature of the plea, id. at 507-08. But these details are all elements of the written plea agreement, and " '[t]he point of Rule 11(b)(1)(N) is that a signed piece of paper is not enough.' " Corso , 549 F.3d at 930 (quoting Sura , 511 F.3d at 662 ) (alteration in original ).
The court also overstates the role of Lee's "experienced" defense counsel. Op. at 505-06. The text of Rule 11(b)(1), that "the court must inform the defendant" of the listed information, is mandatory. "A judge is not relieved of the duty to make the full inquiry required by Rule 11 merely because defense counsel is present at the plea hearing ...." 1A Charles Alan Wright & Andrew D. Leipold, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL § 176, at 200 (4th ed. 2008). Similarly, the court overstates the significance of the response by Lee's appellate counsel to its own question about what defense counsel *512 "ordinarily" advise their clients, Tr. of Oral Arg. at 38 lines 18-25 through 39 lines 1-4 (Jan. 18, 2018), which was not an observation about what transpired in Lee's case. See Op. 9. The Magistrate Judge's inquiries to Lee whether he had any questions, see Plea Hr'g Tr. at 4 lines 17-24; 6 lines 24-25 through 7 line 1, effectively shifted to Lee and his counsel the responsibility that Rule 11(b)(1)(N) places on the district court.
Further, although Lee responded affirmatively when asked by the Magistrate Judge whether he understood the plea agreement, see Plea Hr'g Tr. at 6 lines 11-13, no specific mention was ever made of the waiver of the right to appeal. Instead, the Magistrate Judge advised Lee of some of the rights that he would be waiving by not going to trial-including the right to claim ineffective assistance of counsel, present witness testimony and cross-examine the government's witnesses, and require the trier of fact to find the government had proven his guilt beyond a reasonable doubt, id. at 3 lines 19 through 4 line 1-but "confusingly omitted the right to appeal," Sura , 511 F.3d at 662.
In sum, neither the written plea agreement nor defense counsel's statement that he had discussed the plea agreement with Lee, nor anything else in the district court record reveals "any indication" specifically that Lee "understood that he had a right to appeal and that he was giving up that right." Murdock , 398 F.3d at 497. Indeed, although not dispositive, see Guillen , 561 F.3d at 531, at his sentencing, the district court judge told Lee that he had the right to appeal his sentence, referred to the date when an appeal had to be filed, and confirmed that Lee understood he had this right. Sentencing Hr'g Tr. at 56:17-23. Neither the prosecutor nor defense counsel attempted to correct the judge's statement, see United States v. Kaufman , 791 F.3d 86, 88 (D.C. Cir. 2015) ; United States v. Godoy , 706 F.3d 493, 495-96 (D.C. Cir. 2013), underscoring perhaps the absence of any specific indication that an express determination had been made that Lee had knowingly and voluntarily waived his right to appeal his sentence.
In thereby showing that his substantial rights were affected, Lee has also shown that the error seriously affected the fairness, integrity, and public reputation of our plea proceedings. The district court's " 'wholesale failure' to ascertain that [Lee] understood the waiver provision," Murdock , 398 F.3d at 498 (quoting Arellano , 387 F.3d at 797 ), cast aside the safeguard in Rule 11(b)(1)(N) and substituted no other. The error is exacerbated by the government's effort to enforce the waiver even though it failed to object to the Magistrate Judge's omission, see id. at 498-99, and to the sentencing judge's statement that Lee could appeal his sentence, see also Guillen , 561 F.3d at 530-31. Consequently, the appeal-waiver provision in the plea agreement does not bar Lee's appeal of conditions of his supervised release in the written judgment of conviction.
II.
It is long settled that the oral sentence announced at the sentencing hearing is controlling. See United States v. Jackson , 848 F.3d 460, 465-66 (D.C. Cir. 2017) ; Kennedy v. Reid , 249 F.2d 492, 495 (D.C. Cir. 1957) ; United States v. McMillian , 777 F.3d 444, 451 (7th Cir. 2015) ; FED. R. CRIM. P. 35(c) (defining "sentencing" as "the oral announcement of the sentence"). A written judgment may clarify an oral sentence, but " 'the written judgment form is a nullity to the extent it conflicts with the previously pronounced sentence.' " United States v. Love , 593 F.3d 1, 9 (D.C. Cir. 2010) (quoting United States v. Booker , 436 F.3d 238, 245 (D.C. Cir. 2006) ).
*513 Thus, "[w]hen the two are in conflict, we will order the judgment corrected to conform to the sentence imposed from the bench." Id. (citing United States v. Lewis , 626 F.2d 940, 953 (D.C. Cir. 1980) ).
Lee contends broadly that his case should be remanded to the district court to delete the supervised release conditions that were never mentioned at oral sentencing because the district court judge's statement that he "will impose standard conditions of supervised release" was "insufficient to constitute an oral pronouncement of any particular condition." Appellant's Br. 12. Alternatively, he contends that even if the court does not vacate the 13 "standard" conditions, ten of the 13 "standard" conditions are invalid because they are vague or otherwise invalid for lack of notice or justification.[1] As to his first contention, Lee relies on Love , 593 F.3d at 11. In Love , this court recognized that "[o]ral pronouncements of supervised release conditions are often worded imprecisely" and emphasized the necessity of considering context when determining whether a written judgment is consistent with an oral sentence. See id . at 10. There, the court concluded some of the conditions in the written judgment were consistent with the oral sentence, but ordered vacatur of a condition in the written judgment that conflicted with the oral sentence, because it prohibited the defendant from possessing pornography while the more limited condition announced at "sentencing" prohibited patronizing places where pornography could be accessed. Id. at 10-11. Even assuming Lee's interpretation of Love -that a mere difference between a written judgment and oral sentence warrants remand-may be overbroad, his challenge to the supervised release conditions embraces the narrower principle in Love that a conflict between a written judgment and oral sentence warrants remand.
Lee contests application of the plain error standard, as the government urges, on the ground that he had no opportunity to object to conditions in the written judgment because he had no knowledge at oral sentencing of the challenged conditions. The Sentencing Guidelines separately identify the "mandatory," "standard," and "special" conditions for supervised release and refer generally to other conditions that may be imposed, subject to two limitations, U.S.S.G. § 5D1.3 (2015 & 2016) ; defense counsel is presumed to be familiar with the Guidelines, United States v. Abney , 812 F.3d 1079, 1089-90 (D.C. Cir. 2016). If there were any confusion or ambiguity, Lee offers no reason why clarification could not have been sought from the sentencing judge on the specific supervised release conditions being imposed. See United States v. Mack , 841 F.3d 514, 518, 526 (D.C. Cir. 2016). Even if Lee has the burden of showing plain error, however, this court has acknowledged that his burden to show prejudice is "somewhat lighter in the sentencing context," requiring only "a reasonable likelihood that the sentencing court's obvious errors affected his sentence." United States v. Saro , 24 F.3d 283, 288 (D.C. Cir. 1994). This is because the interest in finality is of a lesser order, given that resentencing is "nowhere near as costly or as chancy an event as a trial." Id. at 287-88.
The record shows Lee was substantially prejudiced as a result of the lack of specificity at oral sentencing regarding the *514 "standard" conditions. As the government notes, Appellee's Br. 23 n.3, the 2015 Guidelines were amended prior to Lee's sentencing. Although his plea was entered in 2014, Lee was sentenced on April 26, 2017; the amended Guidelines took effect November 1, 2016. Yet the written judgment of May 8, 2017, imposes the "standard" conditions in the 2015 version of the Guidelines when the Guidelines required that the 2016 version, which was in effect at the time Lee was sentenced, be applied. U.S.S.G § 1B1.11(a) (2015 & 2016) ; see United States v. Haipe , 769 F.3d 1189, 1191 (D.C. Cir. 2014). Inclusion of the 2015 Guidelines' supervisory release conditions in the written judgment was error, and the contextual approach applied in Love , 593 F.3d at 10, does not resolve Lee's challenge because there is a conflict between the written judgment and the oral sentence. The district court judge is presumed to have referred to the correct, 2016 Guidelines, see, e.g. , United States v. Kenny , 846 F.3d 373, 376 (D.C. Cir. 2017), but this version is not reflected in the written judgment. The significance of this conflict is manifest from the discrepancies between the 2015 and 2016 Sentencing Guidelines because the "standard" conditions in the 2016 Guidelines address Lee's vagueness objections to some of the conditions in the written judgment. For example, the 2016 version defines the term "judicial district" to mean the place where the defendant resides while the 2015 Guidelines were unclear, Lee notes, whether the term referred only to the District of Columbia where he entered the plea and was sentenced and not Virginia where he resides. Compare U.S.S.G. § 5D1.3(c)(3) (2016)with id. § 5D1.3(c)(1) (2015). Additionally, the 2016 Guidelines, unlike the 2015 Guidelines, define what it means to "work regularly." Compare id. § 5D1.3(c)(7) (2016)with id. § 5D1.3(c)(5) (2015). The 2016 Guidelines also omit certain "standard" conditions to which Lee also objects, for instance to requirements that he not frequent places where controlled substances are used, distributed, or administered, and not consume excessive alcohol. Compare id. § 5D1.3(c)(7) & (8) (2015)with id. § 5D1.3(c) (2016).
Because the written judgement subjects Lee to "standard" conditions that have either been clarified or omitted from the 2016 Guidelines, which should have been applied, a remand is required. Lee's challenge to two "special" financial conditions that were not mentioned at "sentencing," contending they must be vacated, is unavailing. There is no difference, much less conflict, between the 2016 and 2015 Guidelines versions of these "special" conditions, compare U.S.S.G. § 5D1.3(d ) (2016)with id. (2015), and Lee offers no basis to conclude that these conditions are not "reasonably related" to the crimes to which he pleaded guilty, or involve a "greater deprivation of liberty than is reasonably necessary," 18 U.S.C. § 3583(d )(1) & (2) ; U.S.S.G. § 5D1.3(b). Any error due to the failure to mention these two "special" conditions at the sentencing hearing was harmless. See United States v. Ayers , 795 F.3d 168, 172, 176 (D.C. Cir. 2015) (citing Williams v. United States , 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992) ; FED. R. CRIM P. 52(a) ). In view of my conclusion that a remand is required, I need not further address Lee's alternative contention on vagueness and invalidity.
Accordingly, I respectfully dissent because Lee's challenge to the supervised release conditions in the written judgment of conviction is not barred by the appellate waiver provision in his plea agreement, and, in view of prejudicial legal error resulting in a conflict between the written judgment and the oral sentencing, a remand with regard to the "standard" conditions *515 of his supervised release is required, see Love , 593 F.3d at 9-11.

See generally Appellant's Br. 16-20 (citing United States v. Kappes , 782 F.3d 828, 835-36, 842-48 (7th Cir. 2015) ; United States v. Thompson , 777 F.3d 368, 372-73, 378-79 (7th Cir. 2015) (citing, inter alia , Christine S. Scott-Hayward, Shadow Sentencing: The Imposition of Federal Supervised Release , 18 Berkeley J. Crim. L. 180 (2013) )).