# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 21-3006

September Term, 2022

FILED ON: MAY 19, 2023

UNITED STATES OF AMERICA,
                    APPELLEE

v.

DEON COLE,
                    APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cr-00044-1)

Before: SRINIVASAN, *Chief Judge*, PILLARD, *Circuit Judge*, and SENTELLE, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the judgment of the District Court be **AFFIRMED**.

Appellant Deon Cole pled guilty to unlawful possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The Probation Office's presentence report recommended a stolen-firearm enhancement under the Sentencing Guidelines, which specify that if "any firearm . . . was stolen," the defendant's offense level should "increase by 2 levels." U.S.S.G. § 2K2.1(b)(4)(A). The Probation Office's recommendation was based on the sworn criminal complaint and the arrest report, which stated that a Washington Area Law Enforcement System/National Crime Information Center check of the gun's serial number revealed that it had been reported stolen.

Both Cole and the government objected to the stolen-firearm enhancement throughout the proceedings below, and they both calculated the appropriate Sentencing Guidelines range to be 30 to 37 months. The Probation Office, however, continued to maintain the applicability of the stolen-

firearm enhancement, and it calculated the resulting Sentencing Guidelines range to be 37 to 46 months.

Based on the information in the presentence report and statements at the sentencing hearing by Cole, the government, and the probation officer, the district court concluded that the gun Cole possessed had been stolen and applied the stolen-firearm enhancement. That enhancement resulted in a Sentencing Guidelines range of 37 to 46 months, and the district court sentenced Cole at the low end of that range, to 37 months of imprisonment.

The court stated, though, that it would have imposed the same 37-month sentence regardless of whether the gun was in fact stolen: "Ultimately, however, the fact that the gun was stolen . . . I want to make clear that that is not going to impact the sentence that I intend to impose here." Sentencing Hr'g Tr. at 34, App. 108. The court subsequently reiterated that the applicability of the stolen-firearm enhancement did not affect its choice of sentence: "I want to make clear that even if I'm wrong about whether this stolen firearm enhancement applies, I would still be giving you the same sentence." *Id.* at 41, App. 115. The court elaborated on why the gun's stolen status did not affect the sentence, citing the "lack of evidence that [Cole] knew that the gun was stolen," the "arguments that [Cole's] attorney has made" about the unfairness of accounting for such a fact, and the "fact that the government is not seeking to have additional punishment based on the fact the gun was stolen." *Id.* at 34–35, App. 108–09.

In this appeal, Cole contends that the district court clearly erred by finding that the gun was stolen because the government failed to offer evidence to support such a finding. Specifically, Cole maintains that the presentence report's reference to a database check was insufficiently reliable to support a finding that the gun was stolen.

We affirm because any error was harmless. An error at sentencing is harmless if it "did not affect the district court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203 (1992). Because Cole preserved his objection in the district court, the government bears the burden of showing that any error was harmless. *United States v. Simpson*, 430 F.3d 1177, 1183–84 (D.C. Cir. 2005). If the asserted error counts as a constitutional error, the government must show "beyond a reasonable doubt that the error . . . did not contribute to the [sentence] obtained." *Id.* at 1184 (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)). If, by contrast, the error is a non-constitutional error, it "is harmless if it did not have a 'substantial and injurious effect or influence in determining' the sentence." *Id.* (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Regardless of which of those standards applies here, the government has demonstrated that any error was harmless.

The district court made clear that it would have imposed the same sentence regardless of its finding that the gun was stolen and regardless of the applicability of the stolen-firearm enhancement. Although Cole cites as ostensible evidence of prejudice the district court's statement that "stolen weapons tend to be much more likely to be involved in felonious activity,"

*see* Sentencing Hr'g Tr. at 34, App. 108, the district court, as noted, repeatedly clarified that it would impose the same sentence regardless of whether the gun in fact was stolen. In addition to those statements, the court provided a "detailed explanation of the reasons the selected sentence [was] appropriate," reinforcing the lack of prejudice from any alleged error. *See Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016). The court justified its sentence based on factors such as the seriousness of the offense, the fact that Cole struggled with police officers during his arrest, Cole's prior convictions, and the potential for recidivism. Sentencing Hr'g Tr. at 32–39, App. 106–13. Based on those considerations, the court concluded that "[a]nything less than the sentence" of 37 months—a sentence that also fell within the range suggested by Cole and the government—"would not be sufficient to comply with the purposes of sentencing." *Id.* at 41, App. 115.

When a district court disclaims reliance on an alleged error and gives alternative reasons for its sentence, as the court did here, we affirm on the ground that any error did not affect the sentence imposed. *See, e.g.*, *United States v. Brevard*, 18 F.4th 722, 726, 728–29 (D.C. Cir. 2021); *United States v. Ayers*, 795 F.3d 168, 176 (D.C. Cir. 2015); *United States v. Godines*, 433 F.3d 68, 69–70 (D.C. Cir. 2006) (per curiam); *Simpson*, 430 F.3d at 1190–92. A district court's provision of "detailed and legally sound justifications of the sentence" distinct from the alleged error demonstrates that it would simply "re-impose the same sentence on remand." *Ayers*, 795 F.3d at 176. We therefore affirm the district court's judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

                                        **FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk