NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> JOHNATHAN LESLIE ALLEN, AKA Johnathan Allen, AKA Ghost, <br><br> Defendant - Appellant. | No. 24-804 <br><br> D.C. Nos. <br> 2:23-cr-00113-RMP-1 <br> 2:23-cr-00002-RMP-2 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted April 23, 2025
Coeur d'Alene, Idaho

Before: TALLMAN, N.R. SMITH, and R. NELSON, Circuit Judges.

Johnathan Allen appeals the district court's denial of his motions to dismiss

his indictment, motions for a new trial, and motion for a judgment of acquittal.[1] We

have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] We resolve Allen's claims of Speedy Trial Act violations and improper admission of evidence in a concurrently filed opinion.

1.    The Government did not commit grand jury abuse by offering perjured testimony.  Allen alleges that testimony from an undercover agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) was false because Allen did not "meet" with agents or "provide" a handgun for sale.  However, Allen did "meet" with the agents by arriving at their known location; he came into their presence, even if he didn't get out of the car.  Allen also "provided" the weapon by bringing it to the bus plaza to be sold.  Moreover, even if the agent's testimony was false, Allen fails to show that the alleged perjury is material or prejudicial.  *United States v. Claiborne*, 765 F.2d 784, 791–92 (9th Cir. 1985), *abrogated on other grounds by Ross v. Oklahoma,* 487 U.S. 81 (1988).  The alleged perjury is thus not evidence of "flagrant misconduct," *United States v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983), and does not overcome the "presumption of regularity to grand jury proceedings."  *Claiborne*, 765 F.2 at 791.

The Government also did not commit grand jury abuse by improperly leading witnesses.  Using leading questions is not prohibited in grand jury proceedings.  *See* Fed. R. Evid. 1101(d)(2) (providing that the Federal Rules of Evidence are inapplicable to grand jury proceedings).  The leading questions did not represent "a serious threat to the integrity of the judicial process."  *United States v. Samango*, 607 F.2d 877, 885 (9th Cir. 1979).

2.    The district court did not err by denying Allen's motions to dismiss his

indictment and motion for a new trial based on prosecutorial misconduct. Allen alleges four instances of misconduct.

First, the Government did not commit prosecutorial misconduct by "bullying" Allen during plea negotiations. Allen asserts that the Government improperly threatened him with additional charges and used an improper tone. But none of the conduct met the "extremely high standard" of being "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991).

Second, the Government's failure to properly redact an exhibit is not a reversible error. While the Government acknowledges that it inadvertently breached a standing order on redaction, the Government apologized and agreed to a limiting instruction. This was an honest mistake not warranting reversal. *See United States v. Lloyd*, 807 F.3d 1128, 1168 (9th Cir. 2015). And any error was cured by the limiting instruction.

Third, the district court did not abuse its discretion in denying Allen's motion for a new trial based on vouching. *See United States v. Stinson*, 647 F.3d 1196, 1211 (9th Cir. 2011). Allen alleges that the Government improperly vouched for Fisher during closing arguments by asserting that Fisher was credible. But it is unclear that the district court should have sustained the vouching objection because it "simply reiterated the [Government's] primary inference." *United States v. Flores*, 802 F.3d

1028, 1041 (9th Cir. 2015). Even if the vouching were improper, a mistrial over one instance of vouching is inappropriate, as the error was harmless. *See Stinson*, 647 F.3d at 1212.

Fourth, Allen was not improperly prejudiced when the prosecutor marked guilty boxes on a draft verdict form during closing arguments. This form of persuasion is acceptable as part of the "wide latitude" afforded to counsel during closing argument. *United States v. Wilkes*, 662 F.3d 524, 538 (9th Cir. 2011) (citation omitted). Any potential prejudice was also neutralized when the trial judge reminded the jury that closing arguments are not evidence. *See United States v. Tucker*, 641 F.3d 1110, 1121 (9th Cir. 2011).

3.    The district court properly denied Allen's motion for a judgment of acquittal based on insufficiency of the evidence under Rule 29 of the Federal Rules of Criminal Procedure. We review de novo. *United States v. Sandoval-Gonzalez*, 642 F.3d 717, 727 (9th Cir. 2011). The question, however, is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Mosley*, 465 F.3d 412, 415 (9th Cir. 2006) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Allen alleges there was insufficient evidence to convict him of conspiracy to distribute and of distribution of methamphetamine. But his own Facebook messages

show him coordinating the exchange of drugs. Next, Allen claims that there was insufficient evidence for distribution because no one testified that he touched the drugs. But the jury was instructed that distributing includes "delivering or transferring possession of methamphetamine" and that Allen could be convicted if he "aided, counseled, commanded, induced, or procured" someone else with even one element of distribution. In both cases, Allen's procurement of drugs is enough that "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

Allen also claims that no rational juror could convict him of possessing a firearm. However, Allen's claim that he didn't touch the firearm at the bus plaza is overshadowed by evidence that he handed somebody a bag with a gun in it and wiped it down to get rid of fingerprints. At Quest Casino (at the time of his arrest), the firearm was on his person. Viewing the evidence in the light most favorable to the Government, there was enough evidence for a rational juror to convict. *See id.*

4.     Allen's motion to dismiss his two felon-in-possession counts in violation of 18 U.S.C. § 922(g)(1) is foreclosed by *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010). *Vongxay* remains binding law after the panel decision in *United States v. Duarte* was vacated. 101 F.4th 657, 691 (9th Cir. 2024) (panel decision); *United States v. Duarte*, 137 F.4th 743, 762 (9th Cir. 2025) (vacating the panel decision).

5.  Allen's argument for cumulative error also fails.  Allen has not shown individual error, so there cannot be cumulative error.  *United States v. Solorio*, 669 F.3d 943, 956 (9th Cir. 2012).

**AFFIRMED.**